**Thelma RHODES, Appellant,**

v.

**J. M. TINDALL, Individually and dba
J. M. Tindall Gin, Appellee.**

**No. 8261.**

Court of Civil Appeals of Texas,
Amarillo.

Nov. 13, 1972.

Rehearing Denied Dec. 4, 1972.

Ochsner & Baughman, Harold W. Ochsner, Amarillo, for appellant.

Smith, Teed, Wade & Waters, David E. Holt, Pampa, for appellee.

JOY, Justice.

This is an appeal from an order of the trial court setting aside a default judgment previously granted plaintiff Rhodes against defendant Tindall. Reversed and rendered.

Suit was filed on January 22, 1971 by Thelma Rhodes for the wrongful death of her husband, an employee of defendant J. M. Tindall, d/b/a J. M. Tindall Gin, at the time of his death on January 27, 1969. Service was had upon Tindall on February 5, 1971 with no answer being filed by June 3, 1971 when the plaintiff presented evidence to the court in support of a default judgment. The default judgment was signed and entered on June 21, 1971. Defendant filed his motion to set aside the default judgment on July 13, 1971 alleging the meritorious defense of the two year statute of limitation, that plaintiff was not the wife of the deceased, and therefore, was not entitled to bring the action. Further Tindall pleaded that the deceased was intoxicated at the time of the accident and therefore was contributorily negligent. Either on August 24 or August 26, an amended motion was filed by defendant according to the recitation in the court's judgment entered subsequent to a hearing on August 26, 1971. This judgment was signed and entered on October 20, 1971, setting aside the default judgment and granting a new trial.

Appellant contends that the motion was overruled by operation of law on August 27, 1971 and makes no reference in her brief to the amended motion of either August 24 or August 26. At any rate, the order entered on October 20, 1971, setting aside the default judgment, was in excess of 45 days from both the original motion and amended motion. All parties and the

court apparently treated the motion filed on July 13, 1971, some 22 days after entry of judgment of default, as a motion for new trial. Where, as here, the motion for new trial is filed more than 10 days from entry of judgment and the court failed to act within 30 days from the judgment, the judgment becomes final and the court loses jurisdiction. Any action taken thereafter is a nullity. Rule 329b, § 5, Texas Rules of Civil Procedure. The appellee does not contend that the motion is a bill of review and, at any rate, a bill of review is an equitable remedy and cannot be substituted for a motion for new trial, appeal or writ of error. Smith v. Smith, 468 S.W.2d 139 (Tex.Civ.App.—Dallas 1971, n.w.h.). Therefore the motion being in effect a motion for new trial and the court having failed to act within the 30 day period following the entry of the judgment of June 21, 1971, jurisdiction of the cause was lost. The judgment ordering a new trial entered on October 20, 1971 is therefore set aside and the default judgment of June 21, 1971 is declared to be a final judgment.

Reversed and rendered.