**J. M. TINDALL, Individually and d/b/a J. M. Tindall Gin, Petitioner,**

**v.**

**Thelma RHODES, Respondent.**

**No. B–3770.**

Supreme Court of Texas.

March 21, 1973.

Rehearing Denied May 2, 1973.

———◆———

Smith, Teed, Wade & Waters, David E. Holt, Pampa, for petitioner.

Ochsner & Baughman, Harold W. Ochsner, Amarillo, for respondent.

PER CURIAM.

The original opinion under date of March 21, 1973, is withdrawn and this opinion is substituted therefor.

On January 22, 1971, Thelma Rhodes initiated a suit against J. M. Tindall individually and d/b/a J. M. Tindall Gin, for the wrongful death of her husband, an employee of the gin at the time of his death

on January 27, 1969. The defendant was duly served but failed to answer, and, after presentation of evidence in support thereof, a default judgment was entered on June 21, 1971.

On July 13, 1971, the defendant filed a motion to set aside the default judgment. On August 26, 1971, a hearing was held on the motion, and on October 20, 1971, a judgment setting aside the default judgment and granting a new trial was signed and entered.

Mrs. Rhodes appealed from the October 20, 1971 judgment and the court of civil appeals reversed and rendered, holding that under the provisions of Rule 329b, § 5, Texas Rules of Civil Procedure, where as here, the motion for new trial was filed more than ten days from entry of judgment and the court failed to act within thirty days from the judgment, the judgment became final and the court lost jurisdiction. The court set aside the judgment ordering a new trial entered by the trial court on October 20, 1971, and declared the default judgment of June 21, 1971 to be a final judgment. Tex.Civ.App., 487 S.W.2d 158.

 The order of October 20, 1971, purporting to set aside the default judgment and to grant a new trial, is of no effect. Since the order of October 20, 1971, is not a final judgment, the court of civil appeals and this court are without power to review it by appeal. Lynn v. Hanna, 116 Tex. 652, 296 S.W. 280 (1927). We do have jurisdiction, however, to reverse the judgment of the court of civil appeals and dismiss the appeal from the trial court. McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265. The judgment of June 21, 1971, became a final judgment on July 21, 1971.

Pursuant to the provisions of Rule 483, Texas Rules of Civil Procedure, the judgment of the court of civil appeals is reversed and the appeal from the district court is dismissed.

The motion for rehearing is overruled.