**Woodrow BANKS, Sr., Appellant,**

v.

**Martin SADA, Appellee.**

**No. 15413.**

Court of Civil Appeals of Texas, San Antonio.

Sept. 17, 1975.

Hope, Henderson, Hohman & Georges, George A. Scharmen, II, San Antonio, for appellant.

Martin Sada, San Antonio, for appellee.

CADENA, Justice.

By this appeal, plaintiff, Woodrow Banks, Sr., seeks to have set aside an order of Hon. Franklin Spears, district judge of Bexar County, granting, nunc pro tunc, a new trial in a case in which plaintiff had recovered a default judgment against defendant, Martin Sada. We dismiss the appeal.

The default judgment was rendered on March 14, 1973. Defendant filed his motion for new trial on March 23, 1973, and on March 26 the court entered an order setting the motion for hearing on April 6, 1973. On May 7, 1973, another order was entered setting the hearing on the motion for new trial on May 16, 1973.

On December 28, 1973, defendant filed a petition for bill of review seeking to set aside the judgment against him and on that date the court granted a temporary restraining order against the sale of defendant's home in satisfaction of the default judgment. On June 8, 1974, summary judgment was entered denying defendant relief in the bill of review proceedings.

On November 13, 1974, defendant filed a motion urging the court to enter, nunc pro tunc, an order granting his motion for new trial. After plaintiff had filed an answer to such motion, a hearing was held and on November 27, 1974, the court entered an order reciting that on April 6, 1973, the

court orally granted defendant's motion for new trial but, although such action was noted in the court's docket, no written order reflecting such action was ever signed or entered. This nunc pro tunc order granted defendant's motion for new trial.

On December 9, 1974, plaintiff filed a motion to set aside the nunc pro tunc order of November 27, 1974, granting defendant a new trial. This motion was overruled on December 23, 1974, whereupon plaintiff gave notice of appeal and timely took all steps necessary to perfect an appeal to this Court.

Plaintiff recognizes the well established rule that an order granting a new trial, being interlocutory in nature, is not reviewable by appeal. However, he insists that in this case the order granting defendant's motion for new trial nunc pro tunc, entered more than eight months after rendition of the judgment against defendant, is void since, on its face, it reflects that it was entered after the trial court had lost jurisdiction over such judgment.

The fact that an order purporting to grant a new trial is entered after the trial court has lost control over the judgment which the challenged order sets aside does not make the order reviewable by appeal. The question of whether an order is a final order in the sense in which "final" is used in determining the existence of appellate jurisdiction does not depend on the validity or voidness of the order. Stated differently, an interlocutory order is not transmuted into a final order because it is void. The order, void or otherwise, remains interlocutory and, therefore, in the absence of a statute permitting review by appeal of interlocutory orders of that nature, is not subject to appellate review. *Tindall v. Rhodes*, 493 S.W.2d 733 (Tex.1973); *Lynn v. Hanna*, 116 Tex. 652, 296 S.W.2d 280 (1927).

The appeal is dismissed.

BARROW, C. J., not participating.