Lydia WOCHNIK, Relator,

v.

Douglas H. SMITH, Respondent,

and

Bob Melton, Corespondent.

No. 5654.

Court of Civil Appeals of Texas, Waco.

Sept. 30, 1976.

Rehearing Denied Oct. 7, 1976.

McNamara & McNamara, Waco, for relator.

William J. Hix, Gatesville, for corespondent.

## OPINION

McDONALD, Chief Justice.

Lydia Wochnik, Relator seeks to file petition for Writ of Mandamus against Respondent Smith, County Judge of Coryell County, and Bob Melton, Corespondent. Relator's tendered petition for Writ of Mandamus asserts that in Cause 2204, *Lydia Wochnik v. Bob Melton*, Relator sued corespondent Melton in County Court (Originally in the Justice Court) for Forcible Entry and Detainer for possession of land [93 acres] in Coryell County; that relator owned a ½ interest in such land; that there is no evidence she or anyone authorized by her leased her interest in the land to Melton, for which reason she was entitled to judgment; but that the County Judge rendered judgment Melton have possession of the land until December 30, 1976.

Relator asserts that since no appeal lies the judgment is subject to correction by Writ of Mandamus from this court to the Respondent County Judge, directing him to enter judgment for Relator.

The question is thus posed: Does this court have power or jurisdiction to issue Writ of Mandamus in this case?

■ There is no such thing as inherent power of a court, if, by that be meant a power which a court may exercise without a law authorizing it. *Pope v. Ferguson*, Tex., 445 S.W.2d 950.

■ The Courts of Civil Appeals are given power and jurisdiction to issue Writs of Mandamus by only 4 Statutes.[1]

Article 1823: "Said courts and the judges thereof may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts."

Article 1824: "Said Courts * * * may issue the writ of Mandamus to compel a Judge of the District or County Court to proceed to trial and judgment in a cause, returnable as the nature of the case may require."

Article 1735a concerns political parties and is not here applicable.

Article 6049c concerns acts of the Railroad Commission and is not here applicable.

This Court of Civil Appeals' jurisdiction to grant a writ of mandamus is thus limited to the enforcement or protection of our jurisdiction, or to compel a District or County Judge to proceed to trial and judgment. *Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434, 438; *Uvalde Rock Asphalt Co. v. Loughridge*, CCA, NWH, 423 S.W.2d 602; *Ware v. Marquez*, CCA, NWH, 511 S.W.2d 594; *Knox v. Craven*, CCA, NWH, 248 S.W.2d 955. *Knox*, supra, expresses the rule thusly: "Courts of Civil Appeals have only the power to issue writs of mandamus as provided for in R.C.S. Articles 1823 [and], 1824. * * * This power of Courts of Civil Appeals, under Article 1824, is merely the power to compel the trial judge 'to proceed to trial and judgment in a cause,' not the power to control the character of the judgment to be entered by him."

And *Ridley v. McCallum*, 139 Tex. 540, 163 S.W.2d 833, 835 expressly holds: "In the absence of a statutory grant of that authority [the power of a Court of Civil Appeals to issue a Writ of Mandamus], it does not exist."

■ Writ of Mandamus from this court in the instant case will not protect or enforce our jurisdiction pursuant to Article 1823; and the writ is not sought to compel the trial court to proceed to trial and judgment pursuant to Article 1824.

Actually the writ here sought is to compel the trial court to render the judgment Relator asserts the evidence required the trial court to render. As noted we do not have the jurisdiction or power by Writ of Mandamus to control the character of the judgment rendered by the trial court.

Motion of Relator for leave to file petition for Writ of Mandamus Denied.

---

1. Our Supreme Court has power and jurisdiction to issue Writs of Mandamus in a great number of cases; See *State ex rel. Pettit v. Thurmond*, Tex., 516 S.W.2d 119.