**Walter RUSEK, Trustee, Relator,**

v.

**The Honorable Tate McCAIN et al., Respondents.**

**No. 1100.**

Court of Civil Appeals of Texas, Tyler.

Nov. 17, 1977.

Rehearing Denied Dec. 8, 1977.

William F. Hagans, Bracewell & Patterson, John H. Buck, Houston, John B. McDonald, McDonald & Calhoon, Palestine, for relator.

W. V. Dunnam, Jr., Dunnam, Dunnam & Dunnam, Waco, for respondents.

DUNAGAN, Chief Justice.

This is a mandamus case. Relator, Walter Rusek, Trustee, has initiated this original proceeding to require the Respondent, the Honorable Tate McCain, to vacate an order granting a mistrial and to enter judgment for Relator.

The suit was tried to a jury in the 3rd Judicial District Court of Anderson County, Texas. It was a usury case in which the plaintiffs sued the Relator in his capacity as Trustee for three trusts. When the plaintiffs rested their case they had presented no evidence that notice of the suit had been given to the trust beneficiaries as required by certain provisions of the Texas Trust Act, Article 7425b–19. It was admitted in open court that no such notice had been given. The defendant-Relator timely moved for a directed verdict on the ground that there had been a failure of proof of a necessary element of plaintiffs' case. A jurisdictional fact pertaining to a statutory condition precedent to the maintainability of the action had not been proven. In opposing the motion for directed verdict, the plaintiffs-Respondents moved for a mistrial, arguing that they should be allowed another day in court and another chance to make their proof. The Court granted the motion for mistrial.

The Relator asserts that the trial court erred in granting a mistrial and refusing to enter judgment for defendant for the following reasons:

**578**

(1) "The notice required by Article 7425b–19 is a statutory condition precedent to recovery by Plaintiffs.

(2) "Since Plaintiffs failed to plead and prove a necessary element of their cause of action, the trial court was under a duty to enter judgment for Defendant, and

(3) "The trial court erred when it granted a mistrial based solely on Plaintiffs' failure to comply with the condition precedent imposed by Article 7425b–19."

The court's order reads in part:

" . . . Thereupon, Plaintiffs admitted in open Court that, in fact, no notice as set out in Art. 7425b–19 had been given and moved, in open Court, for a mistrial. Based solely on the ground that Plaintiffs have failed to give said notice to the beneficiaries as set out in Art. 7425b–19, this Court was of the opinion that Plaintiffs' Motion for Mistrial should be granted, and also was of the opinion that the Defendant's Motion for Directed Verdict should be denied. It is, therefore,

"ORDERED, ADJUDGED AND DE-CREED that Defendant's Motion for Judgment and a Directed Verdict is hereby denied. It is further,

"ORDERED, ADJUDGED AND DE-CREED that Plaintiffs' Motion for Mistrial is hereby granted."

While the Supreme Court under Article 1733, V.T.C.S., "does have the power to correct abuses of discretion in certain lower courts where there is no adequate remedy by appeal," this court, however, has no such power. *Johnson v. Court of Civil Appeals for the 7th Supreme Judicial District of Texas,* 162 Tex. 613, 350 S.W.2d 330 (1961). We have no jurisdiction to grant the relief sought by Relator in this proceeding. This court's authority to issue writs of mandamus is limited to that given in Articles 1823 and 1824, V.T.C.S., neither of which is applicable to the instant case. This court may only issue writs necessary to enforce our jurisdiction or to compel a district or county court to proceed to trial and

judgment in a cause. *Wochnik v. Smith,* 541 S.W.2d 528 (Tex.Civ.App.-Waco 1976, writ ref'd n.r.e.); *Ware v. Marquez,* 511 S.W.2d 594 (Tex.Civ.App.-El Paso 1974, n.w.h.) and *Crane v. Tunks,* 160 Tex. 182, 328 S.W.2d 434, 438 (Tex.1959); *Johnson v. Court of Civil Appeals for the 7th Supreme Judicial District of Texas, supra.* See also *Shamrock Fuel & Oil Sales Co., Inc. v. Tunks,* 416 S.W.2d 779, 782 (Tex.1967).

Motion of Relator for Writ of Mandamus is denied.