**Earl BROUSSARD et ux., Relators,**

v.

**Honorable David A. DUNN et al., Respondents.**

**No. B–7170.**

Supreme Court of Texas.

Feb. 15, 1978.

D. H. O'Fiel, Beaumont, for relators.

Dugas & Kelley, Donald B. Kelley, Orange, for respondents.

JOHNSON, Justice.

This is an action for writ of mandamus brought against the Honorable David A. Dunn, District Judge of the 163rd Judicial District of Orange County, Texas. Relators are Earl and Judith Broussard and they seek an order directing the issuance of a writ of mandamus directing Judge Dunn to vacate and expunge from the record his order of October 17, 1977, which granted a new trial and set aside a judgment theretofore rendered. The writ prayed for will be conditionally issued against Judge Dunn.

The Broussards brought suit against Herbert and Carolyn King in the 163rd District Court of Orange County, Texas on July 14, 1977. Although citation was duly served on July 18, 1977, the Kings failed to answer or to appear in court. A default judgment was rendered against the Kings on August 29, 1977, after a hearing and the presentation of evidence. Thereafter, on September 19, 1977, the Kings filed a motion to set aside the judgment and a hearing thereon was conducted on September 26, 1977. By letter to counsel for the Kings under the date of October 11, 1977, Judge Dunn indicated he would grant the motion for new trial and a judgment to that effect should be prepared. On October 17, 1977, the order setting aside the former judgment and granting a new trial was signed and entered by the court.

The Broussards contend the order setting aside the default judgment and granting a new trial is a nullity and is void as it was entered after the trial court's jurisdiction over this matter had terminated and the original judgment had become final. The Broussards maintain that the Kings' motion to set aside the judgment was in substance a motion for a new trial and was necessarily governed by the time limitations of Rule 329b, Texas Rules of Civil Procedure.

Rule 329b(5) provides as follows:
"Judgments shall become final after the expiration of thirty (30) days after the date of rendition of judgment or order overruling an original or amended motion for new trial. After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law. The failure of a party to file a motion for new trial within the ten (10) day period prescribed in subdivision 1 of this rule shall not deprive the court of

jurisdiction to set aside a judgment rendered by it, provided such action be taken within thirty (30) days after the judgment is rendered. *The filing of a motion for new trial after ten (10) days have expired and before thirty (30) days have expired since the rendition of the judgment shall not operate to extend the court's jurisdiction over the judgment for a period of more than thirty (30) days from the date of the rendition of judgment.*" [Emphasis added.]

This court has previously recognized that Rule 329b(5) governs motions to set aside default judgments. *Tindall v. Rhodes*, 493 S.W.2d 733 (Tex.1973). By the express provisions of this Rule a default judgment becomes final thirty days after rendition of such judgment. Under the provisions of Rule 329b, the trial court is not precluded from acting upon a motion for new trial filed after the prescribed ten-day period as long as the court acts upon the motion prior to the judgment becoming final: that is, prior to thirty days after rendition of the judgment. Rule 329b(5) specifically points out that the filing of a motion for new trial after ten days from the rendition of the judgment does not in any manner extend the court's jurisdiction over the judgment beyond the thirty-day period prescribed by the Rule.

In the instant case the default judgment against the Kings was rendered on August 29, 1977, and became final thirty days thereafter on September 29, 1977. The court failed to act upon the pending motion to set aside the judgment within the thirty-day period as prescribed by Rule 329b since it did not attempt to enter any order until October 17, 1977. The court's original judgment, however, had become final on September 29, 1977, and the trial court lost jurisdiction to set aside the judgment after that date. Accordingly, the order setting aside the default judgment and granting a new trial is of no effect and is void.

This court assumes that Judge Dunn will vacate and expunge his order of October 17, 1977, which purports to set aside the original judgment and to grant a new trial. In the event Judge Dunn should fail to do so, the writ of mandamus will issue.