CONTINENTAL MACHINE TOOL COMPANY, Appellant-Relator,

v.

Michael Frank MERRITT, et ux., Appellees,

and

Tom Ryan, Respondent.

No. 20792.

Court of Civil Appeals of Texas, Dallas.

April 20, 1981.

Rehearing Denied May 21, 1981.

G. Ward Beaudry, Dallas, for appellant-relator.

Harry J. Martin, Jr., Dallas, for appellees.

Before GUITTARD, C. J., and AKIN and ROBERTSON, JJ.

ROBERTSON, Justice.

Appellant Continental Machine Tool Company appeals from an order of the trial court that it asserts is void and also seeks a writ of mandamus to compel the trial court to place the parties in the position they occupied prior to entry of the allegedly void order. Appellee Jeanie Merritt contends we have no jurisdiction because the order complained of is interlocutory. Appellant argues that we have both appellate and original jurisdiction to review the order because it is a final order and because, even if

it is not final, it is a void interlocutory order and therefore is subject to review. We hold that the order complained of is interlocutory and that we have neither appellate nor original jurisdiction to review it.

## BACKGROUND

During February of 1980, appellee filed for a divorce from her husband, Michael Merritt. Pursuant to the divorce proceeding, a receiver was appointed to manage the property of the parties. On August 5, 1980, appellee was granted a divorce and on September 9, 1980, the court entered an order in the divorce proceeding discharging the receiver and confirming the final accounting. This order provided that the receiver was to deposit $14,901.28 into the registry of the court to satisfy judgment liens filed by appellant and others. Appellant Continental Machine Tool Company was a judgment creditor of Michael Merritt. On October 30, 1980, the court on its own motion ordered its clerk to pay appellant $7,800.04, the amount of its judgment, and to obtain a release of the judgment lien it held. After the release was delivered and the money was paid, appellee filed a motion to set aside the order of October 30, 1980. Appellee's motion was granted on November 26, 1980, and appellant was ordered to deposit $7,886.23 into the registry of the court and pay appellee $400 in attorney's fees. Continental Machine Tool Company attempted to appeal from the November 26, 1980, order contending it is void because the trial court did not have personal jurisdiction over it. We dismissed the appeal for lack of jurisdiction because the order appealed from is interlocutory. Continental Machine Tool Company thereafter filed a motion for rehearing and a petition for writ of mandamus contending in both that we have jurisdiction to review a void order even if it is an interlocutory order, which we consolidated for the purpose of judicial economy.

■ Our first question is whether the order requiring appellant to pay money into the registry of the court is an interlocutory order. We hold that it is. It has been held that an order to deliver money and a note

to the administrator of an estate is interlocutory because such an order does not dispose of the issue of ownership of the money but merely places it under the care and control of the court until a final determination of ownership is made. *Powell v. Hartnett*, 521 S.W.2d 896 (Tex.Civ.App.—Eastland 1975, no writ). Likewise, in the present case the order complained of orders the money returned to the court's custody until a final determination is made as to whose money it is, and thus, it is an interlocutory order.

## DIRECT APPEAL

■ Our next question is whether we have jurisdiction to determine that an interlocutory order is void. The general rule is, of course, that the appellate courts of Texas only have jurisdiction over final judgments except where an interlocutory order is made appealable by statute. *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966). Appellant does not contend that this order is an interlocutory order made appealable by statute, but rather relies on *Caddell v. Gray*, 544 S.W.2d 481 (Tex.Civ.App.—Waco 1976, no writ) and the cases cited therein, for the proposition that Texas appellate courts have jurisdiction to review an interlocutory order for the limited purpose of determining whether it is void. We expressly disagree with the holding in *Caddell v. Gray, supra* and decline to follow it.

The court in *Caddell* relied upon the case of *Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823 (1961) for its holding. We do not accept the *Fulton* case as authority for the proposition that an interlocutory order is appealable to determine whether it is void. Instead, the court in *Fulton* was concerned with an order which purported to set aside an order granting a new trial and reinstate the original judgment. In *Fulton* the order, regardless of its validity, was a final order and the court held that it was void. The court stated that there was some similarity between the power of an appellate court to declare a void order invalid and the power of an appellate court to declare the interlocutory nature of an interlocutory order from which there is no statutory right of appeal.

For the latter proposition *Fulton* cited *McCauley v. Consolidated Underwriters*, 157 Tex. 475, 304 S.W.2d 265 (1957) which held that the appellate courts were without power to review an interlocutory order of a trial court in the absence of an appropriate statutory provision, but that the court was authorized to declare the interlocutory nature of the order and dismiss the appeal. The *McCauley* case was again cited by the supreme court in *Tindall v. Rhodes*, 493 S.W.2d 733 (Tex.1973). In the *Tindall* case the court held an order purporting to set aside a default judgment and to grant a new trial was not a final judgment and therefore the appellate courts had no power to review it by appeal.

■ The *Tindall* case was cited by the court in *Banks v. Sada*, 527 S.W.2d 522 (Tex.Civ.App.—San Antonio 1975, no writ) in support of the following holding:

> The question of whether an order is a final order in the sense in which "final" is used in determining the existence of appellate jurisdiction does not depend on the validity or voidness of the order. Stated differently, an interlocutory order is not transmuted into a final order because it is void. The order, void or otherwise, remains interlocutory and, therefore, in the absence of a statute permitting review by appeal of interlocutory orders of that nature, is not subject to appellate review.

*Id.* at 523. We agree with this statement and we also agree with the holding in *Fenno v. Sam Reece Air Conditioning & Heating, Inc.*, 572 S.W.2d 810 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ) that "absent statutory authority, a Court of Civil Appeals has no jurisdiction to hear appeals from void interlocutory orders for purpose of declaring their invalidity." *Id.* at 811. We conclude that we have no jurisdiction of this appeal from an interlocutory order except to declare the interlocutory nature of the order and dismiss the appeal. *McCauley v. Consolidated Underwriters, supra.*

## MANDAMUS

■ Appellant urges that we have original jurisdiction to review the order

complained of in a proceeding for writ of mandamus to compel the trial court to place the parties in the position they occupied prior to entry of the allegedly void order. We do not agree. Our jurisdiction to issue writs of mandamus is limited to situations in which such a writ is necessary to enforce our jurisdiction, Tex.Rev.Civ.Stat.Ann. art. 1823 (Vernon 1964), or to compel a judge of the district or county court to proceed to trial and judgment in a cause. Tex.Rev.Civ.Stat.Ann. art. 1824 (Vernon 1964).

Appellant relies, however, on the following language from *Caddell v. Gray, supra*: "where an order is interlocutory and not appealable, but is void, mandamus lies to the Court of Civil Appeals to require the trial court to set aside its void order." We do not agree. This language, taken alone, would allow review of any void interlocutory order by institution of an original proceeding for writ of mandamus in the court of civil appeals. The correct rule is stated in *McGregor v. Clawson*, 506 S.W.2d 922, 930 (Tex.Civ.App.—Waco 1974, no writ), where the court held, "A Writ of Mandamus will lie to compel the trial judge to proceed to trial, where such trial court refused to proceed to trial in reliance upon a void order." That holding is based upon article 1824, which authorizes courts of civil appeals to issue writs of mandamus to compel a judge of the district or county court to proceed to trial and judgment. To the extent the court in *Caddell v. Gray, supra* relied upon the holding in *McGregor v. Clawson, supra*, we find that reliance is misplaced. Appellant does not contend the trial court has refused to proceed to trial in reliance upon the allegedly void order and thus, we have no jurisdiction under either article 1823 or article 1824 to grant the petition for writ of mandamus.

The appeal is dismissed and the petition for writ of mandamus is denied.