**Ex parte Kellis Gene PARKER, Relator.**

**No. 12–82–0164–CV.**

Court of Appeals of Texas,
Tyler.

Nov. 12, 1982.

Richard L. Ray, Canton, for appellant.

J. Patrick Spruiell, Canton, Gordon R. Wynne, Jr., Wills Point, for appellee.

PER CURIAM.

Relator brought a habeas corpus proceeding to gain possession of his daughter, Amanda Jean Parker, from his former wife's parents, Charles and Mary Curtis. Relator is the possessory conservator of Amanda under an existing decree, and has filed in the district court a motion to modify the decree as it relates to custody of Amanda, which motion is presently pending in the trial court. Terri Elizabeth Parker, managing conservator, is incarcerated in the Smith County jail. Upon the trial court's denial of the habeas corpus action, relator filed herein his motion for leave to file writ of mandamus to compel the trial court to grant his application for writ of habeas corpus.

A court of appeals does not have jurisdiction to hear an *appeal* from habeas corpus proceedings under the Texas Family Code § 14.10. *Gray v. Rankin,* 594 S.W.2d 409 (Tex.1980). Neither does a court of appeals have jurisdiction to issue the writ of mandamus in this case. Although the Supreme Court has power and jurisdiction to issue writs of mandamus in a great many cases, the jurisdiction of the courts of appeals to issue such writs is limited. *Wochnik v. Smith,* 541 S.W.2d 528, 529 (Tex.Civ. App.—Waco 1976, ref'd n.r.e.). A court of appeals may only issue writs of mandamus to enforce its jurisdiction or to compel a trial judge to proceed to trial and judgment in a cause. *State Bar of Tex. v. Heard,* 603 S.W.2d 829, 833 (Tex.1980); *Continental Mach. Tool Co. v. Merritt,* 620 S.W.2d 632, 635 (Tex.Civ.App.—Dallas 1981, no writ); Tex.Rev.Civ.Stat.Ann. arts. 1823, 1824 (Vernon 1964). The mandamus power of a court of appeals does not include the power to tell a trial court what judgment to enter, nor does it include the power to order the trial court to set aside a void interlocutory order. *State Bar of Texas v. Heard, supra.* Since relator is neither seeking to enforce or protect the jurisdiction of this court nor to compel the trial court to proceed to trial and judgment, his petition for writ of mandamus must be denied for want of jurisdiction.

Relator's petition is denied.