Edward L. KELLEY, Jr., Appellant,

v.

SOUTHWESTERN BELL MEDIA,
INC., Appellee.

No. 01–87–00781.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 28, 1988.

Victor N. Makris, Makris, Petley & Warren, Houston, for appellant.

D. Brent Wells, Deborah Heaton Peveto, H. Keith Lynch, J. Lawton Henry, Wells & Assoc., P.C., Houston, for appellee.

Before EVANS, C.J., and SAM BASS and DUNN, JJ.

OPINION

EVANS, Chief Justice.

This is an appeal by writ of error from a final default judgment.

Appellee filed suit against appellant alleging damages for the breach of five agreements for the sale and purchase of directory advertising and/or for quantum meruit. After appellant failed to answer or otherwise appear, the trial court entered a default judgment awarding appellee damages in the amount of $137,211.11, plus prejudgment interest and attorney's fees. The court rendered judgment based on appellee's original petition, the agreements for directory advertisement attached to the petition, the citation and return of citation, the affidavit in support of reasonable attorney's fees, and the certificate of appellant's last known address.

Appellant then filed a motion to set aside the default judgment alleging that he failed to answer because he had mislaid the citation, and that certain certificates and affidavits relied on by the court were void because they bore no notary seal. Appellee filed a response alleging that the court lacked jurisdiction to consider the motion to set aside the default judgment because the motion was filed more than 30 days after the judgment was signed. The court then denied the motion to set aside the default judgment.

In three points of error, appellant contends that the trial court erred in entering the default judgment because: (1) appellee's claim was not "liquidated"; (2) appellant was unable to obtain a statement of facts and was, therefore, entitled to a retrial of the cause; and (3) the certificates and affidavits filed in support of attorney's fees and defendant's last known address did not bear a notary seal.

In his first point of error, appellant contends that the trial court erred in entering the default judgment because appellee's claim was not liquidated. Appellant points out that appellee's petition does not allege when the alleged default occurred and that the copies of the written instruments attached to the petition are so badly reproduced, the terms of the alleged agreement cannot be understood.

■ Before discussing appellant's first point of error, we briefly address appellee's first reply point, in which appellee argues that appellant's contentions, under the first and second points, must be deemed waived because they were not asserted in appellant's motion to set aside the default judgment.

We overrule appellee's reply point. Appellant did not file his motion to set aside the default judgment until May 11, 1987, more than 30 days after the judgment was signed on February 9, 1987. The trial court therefore had lost plenary power to consider appellant's motion to set aside the default judgment, see *Broussard v. Dunn*, 568 S.W.2d 126 (Tex.1978), and it is of no consequence that appellant's contentions were not asserted in that motion.

We next consider appellant's arguments under his first point of error that appellee's claim was unliquidated and that there is no evidentiary support for the trial court's award of damages.

■ If a claim is unliquidated or not proved by a written instrument, the trial court must hear evidence as to damages. Tex.R.Civ.P. 243. A claim is liquidated only if the amount of damages can accurately be calculated from the written instrument and from factual, as opposed to conclusory, allegations in the petition. *Burrows v. Bowden*, 564 S.W.2d 474 (Tex. Civ.App.—Corpus Christi 1978, no writ). But the petition and supporting documents

must together show the dates and amounts of payments due so that the court may make an accurate calculation of the amount of damages to which the plaintiff is legally entitled. *Irlbeck v. John Deere Co.,* 714 S.W.2d 54 (Tex.App.—Amarillo 1986, writ ref'd n.r.e.).

■ Appellee's petition alleges that the parties executed a series of five agreements for directory advertising, and copies of such agreements are attached to the petition as exhibits. The petition alleges that according to the terms and provisions of said agreements, appellee agreed to publish and appellant agreed to pay for the directory advertisements contemplated by said written agreements. The petition alleges that appellant, in derogation of his obligations under the agreements, failed to remit the required monthly installments, and that pursuant to the agreements, appellee accelerated and was entitled to the entire amounts due and owing. Appellee claimed that as a result of appellant's breaches of said agreements, it was damaged in a sum of at least $137,211.11.

The transcript contains a copy of the plaintiff's petition, with attached copies of the five exhibits. Because some of the printed exhibits are illegible, this Court directed that the original petition and exhibits be forwarded to it for inspection. *See* Tex.R.App.P. 51(d). The original exhibits, however, are likewise difficult to read, and some of their essential terms cannot be ascertained.

Each of the exhibit agreements consist of one page, signed by or on behalf of appellant as the "advertiser." Attached to that page is a printed page entitled "Terms and Conditions," which appellant concedes is a part of the parties' agreements. Included within these Terms and Conditions is a stipulation for payment of the directory advertisements in equal monthly installments that provides that the advertiser agrees to remit his monthly installments to the publisher before the "closing date" for each billing period. These Terms and Conditions also provide that if the advertiser defaults in paying, when due, his monthly installment for any billing period, all un-

paid installments shall immediately become due and owing. Several of the exhibit agreements have a block designated a "customer close date," but on one such copy no date is shown, and on others the printing is so indistinct that the date cannot accurately be determined. Except for those dates, there is no basis upon which it can be ascertained when the monthly payments first became due and payable. Moreover, even if we assume from the annual contract dates, that the entire amount of the contract was due before suit was filed, we still cannot ascertain how the total sum was calculated because some of the contracts show two different total contract prices.

Appellee argues that his attorney's affidavit filed in support of his claim for attorney's fees, incorporating by reference his demand letter for payment, constitutes a sufficient basis for the trial court's award of damages. We disagree. The conclusory statements in appellee's demand letter merely assert appellee's claim for an amount due, and the letter does not constitute proof that such claimed amount was due.

Point of error one is sustained.

In his second and third points of error, appellant contends that he is entitled to a complete retrial of the case, both as to liability and damages, because he was unable to obtain a statement of facts and because the certificates and affidavits filed in support of appellee's claim for attorney's fees and showing defendant's last known address did not bear a notary seal.

■ We overrule these points of error. When a party defaults by failing to file an answer, he admits liability on the cause of action alleged in the plaintiff's petition. *First Dallas Petroleum, Inc. v. Hawkins,* 727 S.W.2d 640, 645 (Tex.App.—Dallas 1987, no writ). The absence of the notarial seal on the affidavit and on the certificate were technical defects that did not invalidate the instruments or nullify the default judgment on the issue of liability. *See Martin v. Bane,* 450 S.W.2d 142 (Tex.Civ. App.—Dallas 1969, no writ); *Mills v. Snyder,* 387 S.W.2d 954 (Tex.Civ.App.—Waco

1965, writ ref'd n.r.e.); *Hunter v. Struggs,* 352 S.W.2d 289 (Tex.Civ.App.—Houston 1961, writ ref'd n.r.e.). *De minimis* defects in pleadings do not render a default judgment invalid. *See Stoner v. Thompson,* 578 S.W.2d 679 (Tex.1979).

The judgment of the trial court is reversed in part, and the cause is remanded for a new trial on the issue of damages; otherwise, the judgment is affirmed.