Gulf South Logging 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-140-CV





GULF SOUTH LOGGING COMPANY, INC.,



 APPELLANT


vs.





MARTIN-DECKER TOTCO, INC.,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT



NO. 92-08011, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING



 





 Gulf South Logging, Inc. ("Gulf South") appeals, by writ of error, a default
judgment in the amount of $98,441.70. The judgment is comprised of a recovery of $56,970.25
on a sworn account, prejudgment interest of $3,491.45, and $37,980.00 in attorney's fees. (1) We
will affirm in part and reverse in part the judgment of the trial court, and remand the cause for
a hearing to redetermine the amount of prejudgment interest and attorney's fees.



BACKGROUND


 Appellee Martin-Decker Totco, Inc. ("Totco") sued Gulf South to recover
$56,970.25 on a sworn account. See Tex. R. Civ. P. 185. Totco's petition incorporated by
reference an affidavit attesting to the debt, a list of unpaid invoices on Gulf South's account, and
a copy of two documents entitled "Terms and Conditions of Sale" and "Rental Agreement." Totco
asserted that each invoice was governed by one of the documents but did not specify which
agreement governed which invoices. The "Terms and Conditions of Sale" stated that "[b]uyer
agrees to pay interest on all past due invoices at the highest contractual rate allowable under the
laws of the State of Texas," while the "Rental Agreement" did not explicitly provide for interest.

 Although Gulf South does not contest that it was properly served with citation, it
did not file an answer or participate in the trial. The trial court rendered a default judgment in
the sum of $98,441.70: $56,970.25 representing the balance due on the debt and $37,980 in
attorney's fees. The judgment awarded "lawful interest to the date of this judgment," without
specifying an amount. We assume that the balance of the judgment, $3,491.45, represents
prejudgment interest. (2)

 In three related points of error, Gulf South challenges the award in its entirety,
characterizing Totco's claims for the balance of the account, prejudgment interest, and attorney's
fees as unliquidated. Specifically, Gulf South contends that (1) the trial court erred in granting
a final default judgment without an evidentiary hearing on Totco's unliquidated claims; (2) Gulf
South is entitled to a new trial as to Totco's unliquidated claims because of its inability to obtain
a statement of facts through no fault of its own; and (3) the trial court erred in finding the
evidence legally and factually sufficient to support the award of unliquidated damages. We cannot
sustain any of these points of error unless we agree that Totco's claims are unliquidated. 
Therefore, we will examine each portion of the award with respect to this dispositive issue.



THE AWARD ON THE SWORN ACCOUNT


 We disagree with Gulf South's characterization of the claim for the balance on the
sworn account as unliquidated. Damages are liquidated when the court can calculate the amount
due with sufficient certainty solely from the instrument and the factual, as opposed to conclusory,
allegations of the petition. Burrows v. Bowden, 564 S.W.2d 474, 475 (Tex. Civ. App.--Corpus
Christi 1978, no writ). Under this test, a claim on a sworn account, such as the claim for
$56,970.25 here, is usually liquidated. See O'Brien v. Cole, 532 S.W.2d 151, 152 (Tex. Civ.
App.--Dallas 1976, no writ). However, a claim that appears at first glance to be liquidated may
be unliquidated if the facts pleaded in the petition or the details provided in the written instrument
are insufficient to permit calculation of the award of damages or if the plaintiff merely alleges that
it has made proper calculations of the total balance due. Hall v. C-F Employees Credit Union,
536 S.W.2d 266, 268 (Tex. Civ. App.--Texarkana 1976, no writ).

 Gulf South argues that the facts here render this claim unliquidated, relying on
Kelley v. Southwestern Bell Media, Inc., 745 S.W.2d 447 (Tex. App.--Houston [1st Dist.] 1988,
no writ), and Irlbeck v. John Deere Co., 714 S.W.2d 54 (Tex. App.--Amarillo 1986, writ ref'd
n.r.e.). In Kelley, much of the information the court needed to calculate the damages was
missing, illegible or contradictory. Kelley, 745 S.W.2d at 449. In Irlbeck, a suit on two
promissory notes totalling $28,745.66, it was undisputed that the defendant had made a significant
number of payments on the notes, but the plaintiff failed to demonstrate which payments had been
made and when the default occurred. The plaintiff merely asserted that the defendant owed
$9918.06 out of the original indebtedness. Irlbeck, 714 S.W.2d at 56. The court had no means
of following the plaintiff's calculation of the present balance due on the debt. We agree with the
Irlbeck court's determination that it lacked information essential to meet the Burrows standard.

 Gulf South reads Irlbeck to require certain specific information in all cases. 
However, Irlbeck, Kelley, and the entire Burrows line of cases simply require that the petition and
written instruments in a default judgment contain the information essential to calculate the amount
of damages due the plaintiff. What constitutes sufficient information will vary from case to case. 
In this case, Totco has presented a claim on a sworn account in compliance with the provisions
of rule 185 of the Texas Rules of Civil Procedure. Gulf South's contention that a detailed
description of the sworn account is necessary to support a default judgment is unpersuasive in the
face of rule 185, which provides that a particularization or description of the nature of the
component parts of a sworn account is not required absent special exceptions to the pleadings. 
Tex. R. Civ. P. 185. Additionally, failure to file a verified denial results in the account itself
providing prima facie evidence of the debt. Northeast Wholesale Lumber v. Leader Lumber, 785
S.W.2d 402, 407 (Tex. App.--Dallas 1989, no writ). Gulf South's default resulted in admissions
of all factual allegations contained in Totco's petition. Stoner v. Thompson, 578 S.W.2d 679, 684
(Tex. 1979). Totco made factual assertions that it sold Gulf South certain goods at several
different locations, that Gulf South accepted these goods and became bound to pay for them within
thirty days upon receipt, and that Gulf South failed to pay twenty-two invoices. Gulf South has
neither filed special exceptions, a verified denial or an answer, nor appeared at trial. Therefore,
Gulf South has admitted liability as to each of the twenty-two invoices at issue. Additionally, the
list of invoices indicates that each invoice is unpaid, thereby eliminating a partial payment issue. 
Because the amount due Totco may be ascertained by simply totalling the invoices, the petition
and written instrument provide all the information necessary to fulfill the Burrows requirements,
and Totco has stated a liquidated claim with respect to the $56,970.25. The trial court did not err
in awarding Totco that sum without an evidentiary hearing. See Tex. R. Civ. P. 241. We
overrule Gulf South's first and third points of error with respect to the principal sum. Moreover,
we conclude that Gulf South is not entitled to a reversal with respect to the principal sum based
on its inability to obtain a statement of facts. Because proof to support a default judgment is
required only with respect to unliquidated damages, the absence of a statement of facts does not
result in reversal when the claim is liquidated. Siddiqui v. West Bellfort Property Owners, 819
S.W.2d 657, 659 (Tex. App.--El Paso 1991, no writ). We overrule Gulf South's second point of
error with respect to the liquidated portion of Totco's claim.



PREJUDGMENT INTEREST


 Totco's claim for prejudgment interest fails to meet the Burrows standard and is
therefore unliquidated. Often, a claim for prejudgment interest will be liquidated if a contract
provides for the interest rate. Here, one of two documents governs each of the transactions at
issue. For those invoices governed by the "Terms and Conditions of Sale," Totco is entitled to
interest at the highest allowable contractual rate. For those invoices governed by the "Rental
Agreement," Totco can claim interest only at the statutory rate of six percent per annum dating
from thirty days after the date each invoice was due. Tex. Rev. Civ. Stat. Ann. art. 5069-1.03
(West 1987). Since the petition and written instrument do not allege which contract governs each
transaction, it is impossible to determine the applicable interest rate for any of the invoices. 
Moreover, the petition and written instrument do not allege the dates on which each invoice
became due. That omission, by itself, renders the claim insusceptible to precise calculation and,
therefore, unliquidated. See Stra, Inc. v. Seafirst Commercial Corp., 727 S.W.2d 591, 594 (Tex.
App.--Houston [1st Dist.] 1987, no writ). We note that the trial court apparently awarded interest
at six percent of the principal sum, which rate would be accurate if the "Rental Agreement"
governed each invoice and the amount owed were due for exactly one year. Nothing in the record
demonstrates the truth of either proposition, and the claim is therefore unliquidated.

 To recover an unliquidated claim in a default judgment setting, an evidentiary
hearing is required. Tex. R. Civ. P. 243; Morgan Express, Inc. v. Elizabeth-Perkins, Inc., 525
S.W.2d 312, 314 (Tex. Civ. App.--Dallas 1975, writ ref'd). Either the trial court erred in failing
to hold such a hearing or the hearing was held, but Gulf South's inability to obtain a statement of
facts constitutes grounds for reversal. Id. at 314-15. (3) Because no record pertaining to the
calculation of unliquidated damages in the form of prejudgment interest exists, we are unable to
review the award and must remand this issue to the trial court. Alvarado, 783 S.W.2d at 305. 
We sustain Gulf South's first three points of error with respect to the award of prejudgment
interest.



ATTORNEY'S FEES


 Before we reach the issue of whether the claim for attorney's fees is unliquidated,
we note that Gulf South raises a threshold issue of whether Totco is entitled to attorney's fees at
all. (4) Gulf South asserts that the record contains no evidence of presentment as required by statute. 
See Tex. Civ. Prac. & Rem. Code Ann. § 38.002 (West 1986). We agree that there is no
evidence of presentment in the record before us, but we note that presentment was pleaded in the
petition. When performance or occurrence of conditions precedent have been pleaded, the party
so pleading is required to prove the performance of only those conditions specifically denied. 
Tex. R. Civ. P. 54; Trevino v. Allstate Ins. Co., 651 S.W.2d 8, 11 (Tex. App.--Dallas 1983, writ
ref'd n.r.e.). Because Totco did not file an answer, Gulf South was not required to prove
presentment.

 Although we conclude that Gulf South is liable to Totco for attorney's fees, we
cannot affirm the trial court's award. A demand for reasonable attorney's fees is an unliquidated
claim. Smith v. Texas Discount Co., 408 S.W.2d 804, 807 (Tex. Civ. App.--Austin 1966, no
writ). The request for attorney's fees in this case is not converted into a liquidated claim by virtue
of Totco's specific request for fees in the amount eventually awarded, alleging that amount was
reasonable. That allegation is the very definition of a conclusory allegation, and conclusory
allegations are insufficient to render a claim for damages liquidated. See Higgins v. Smith, 722
S.W.2d 825, 827 (Tex. App.--Houston [14th Dist.] 1987, no writ); see also Kelley, 745 S.W.2d
at 449 (holding that a claim for attorney's fees was unliquidated even when the party attached an
attorney's affidavit incorporating a demand letter for payment on the grounds that statements in
the demand letter and affidavit were conclusory). Because the claim for attorney's fees is
unliquidated, we must reverse the award of attorney's fees and remand that portion of the cause. (5) 
We sustain Gulf South's first three points of error with respect to the award of attorney's fees.



CONCLUSION


 Although the trial court properly awarded the balance of the account, it erred if it
awarded prejudgment interest and attorney's fees without an evidentiary hearing. If there was a
hearing, Gulf South is entitled to a reversal based upon its inability to obtain a statement of facts. 
We therefore reverse that portion of the judgment that awards Totco prejudgment interest and
attorney's fees, and remand those portions of the cause to the trial court to determine the amount
of prejudgment interest and attorney's fees. Tex. R. App. P. 81(b)(1). The remainder of the
judgment is affirmed.



 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed in Part; Reversed and Remanded in Part

Filed: March 9, 1994 

Do Not Publish 

1. [1] The judgment also awards $2,500.00 per proceeding in additional attorney's fees in the
event of appeals or attacks upon the judgment. Those additional fees are not reflected in the
$98,441.70 balance.
2. [2] Totco asserts that it should be allowed to retain $914.71 in pre-judgment interest. We
calculate the award to be $3,491.45 and do not understand the $914.71 figure.
3. [3] We note that there is no evidence in the record pertaining to the unavailability of the
statement of facts. Gulf South includes in the transcript a copy of its request for a statement of
facts but does not include an affidavit from the court reporter or the trial judge--or any other
evidence of its assertion that a statement of facts does not exist. See Michael A. Pohl & David
Hittner, Judgments by Default in Texas, 37 Sw. L.J. 421, 440-41 (1983). However, we accept
Gulf South's assertion because it is uncontroverted. Tex. R. App. P. 74(f) ("Any statement made
by appellant in his original brief may be accepted by the court as correct unless challenged by the
opposing party."); Alvarado v. Reif, 783 S.W.2d 303, 304 (Tex. App.--Eastland 1989, no writ).
4. [4] This issue is raised as part of Gulf South's fourth point of error, which is unrelated to the
other three, and which asserts that the award of attorney's fees in an amount equal to two-thirds
of the principal claim constitutes an abuse of discretion. Because of our disposition of the issue
of attorney's fees, we do not address this point of error except insofar as we examine whether
Totco is entitled to attorney's fees in any amount.
5. [5] When the trial court revisits the issue of attorney's fees on remand, it should note our
agreement with Gulf South that it is error to award appellate attorney's fees without conditioning
such an award upon the outcome of an appeal. See K.B. v. N.B., 811 S.W.2d 634, 643 (Tex.
App.--San Antonio 1991, writ denied).