Opinion issued August 4, 2005
     













In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00479-CV




IN RE THUY PHAN, Relator




Original Proceeding on Petition for Writ of Mandamus




CORRECTED MEMORANDUM OPINION
          We withdraw our opinion dated July 28, 2005 and issue this opinion in its
stead.
          Relator, Thuy Phan, has filed a petition for writ of mandamus, seeking to
compel the trial court


 to vacate an order, dated February 22, 2005, granting the
motion to set aside a default judgment filed by the real party in interest, Henry Dong. 
We determine whether the trial court had subject-matter jurisdiction to set aside the
default judgment. We conditionally grant the writ of mandamus.
Facts
          Phan filed a suit seeking to modify the parent-child relationship on September
16, 2004. On December 16, 2004, the trial court signed a final default judgment.


 
Dong filed an emergency motion to set aside the default judgment on January 24,
2005. Phan responded to the motion, arguing that the trial court’s plenary power to
entertain the motion had already expired. On February 22, 2005, the trial court
granted Dong’s motion and set aside the default judgment. 
The Law
          A writ of mandamus may issue when the trial court commits a clear abuse of
discretion and there is no adequate remedy by appeal. Walker v. Packer, 827 S.W.2d
833, 839-840 (Tex. 1992). Mandamus is available when a court acts outside of its
jurisdiction, i.e., when its act is void. In re Union Pac. Res. Co., 969 S.W.2d 427,
428 (Tex. 1998); In re Cornyn, 27 S.W.3d 327, 332 (Tex. App.Houston [1st Dist.]
2000, orig. proceeding). For example, mandamus will issue to set aside an order
granting a new trial after the expiration of the trial court’s plenary power because
such a ruling is void. See In re Dickason, 987 S.W.2d 570, 571 (Tex. 1998). A
court’s action is void when it is apparent that the court had “no jurisdiction of the
parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or
no capacity to act as a court.” Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex.
1990). 
          “A motion to set aside a default judgment has the same effect as, and is subject
to the same deadlines as, a motion for new trial.” Homart Dev. Co. v. Blanton, 755
S.W.2d 158, 159 (Tex. App.Houston [1st Dist.] 1988, orig. proceeding). The trial
court retains plenary power for 30 days after a judgment is signed, which allows the
court to grant a new trial or to vacate, to modify, to correct, or to reform the court’s 
judgment within that period. Tex. R. Civ. P. 329b(d). The date that the trial court
signs the judgment provides the beginning date for calculating the court’s plenary
power. Tex. R. Civ. P. 306a(1). 
          Rule of Civil Procedure 306a, however, provides an exception that allows a
trial court to consider a post-judgment motion filed more than 30 days after the
judgment’s signing. See Tex. R. Civ. P. 306a. Specifically, rule 306a(4) allows for
an extension of the 30-day period if the clerk does not notify a party adversely
affected by the judgment of the dismissal within 20 days after the judgment is signed. 
Tex. R. Civ. P. 306a(4); see Tex. R. App. P. 4.2(a)(1). In such a circumstance, the
trial court’s 30-day plenary power will begin to run either on the date that the party
receives notice or the date that the party acquired actual notice, whichever occurs
first. Tex. R. Civ. P. 306a(4). 
          Rule 306a(4)’s extension is not automatic, however. See Tex. R. Civ. P.
306a(5); Moore Landrey, L.L.P. v. Hirsch & Westheimer, P.C., 126 S.W.3d 536, 540
(Tex. App.Houston [1st Dist.] 2003, no pet.). Rule 306a(5) requires a party
seeking to invoke rule 306a(4)’s extension (1) to file a sworn motion and notice, (2)
to prove in the trial court the date on which he first received notice or acquired actual
knowledge of the judgment, and (3) to prove that that date was more than 20 days
after the signing of the judgment. Tex. R. Civ. P. 306a(5). Furthermore, Rule of
Appellate Procedure 4.2(c) requires that the trial court sign a written order, pursuant
to rule 306a, finding the date on which the party or its attorney received notice or
acquired actual knowledge. Tex. R. App. P. 4.2(c). Compliance with rule 306a(5)’s
requirements is jurisdictional: if the trial court’s plenary power is not properly
extended by rule 306a, the court’s power ends 30 days after the signing of the
judgment, and the court is without jurisdiction to grant or to deny a motion for new
trial filed after the expiration of that period. Mem’l Hosp. of Galveston County v.
Gillis, 741 S.W.2d 364, 365 (Tex. 1988); Moore Landrey, L.L.P., 126 S.W.3d at 540. 
 
 Analysis
          The trial court signed the default judgment against Dong on December 16,
2004. Absent the application of rule 306a, the trial court’s plenary power expired 30
days later, on January 15, 2005. In this Court, Dong alleges that he first received
actual notice of the default judgment on January 23, 2005, relying on rule 306a to
argue that the trial court’s plenary power was thus extended. However, nothing
shows that Dong filed a rule 306a motion or complied with any of that rule’s
requirements in the trial court. Accordingly, nothing shows that the trial court’s
plenary power was properly extended under rule 306a. The trial court’s plenary
power thus expired on January 15, 2005. 
          Dong moved to set aside the default judgment on January 24, 2005, and the
trial court granted that motion on February 22, 2005. By the time both that Dong
filed his post-judgment motion and that the trial court ruled on it, the court had
already lost the plenary power. See Kelley v. Southwestern Bell Media, Inc., 745
S.W.2d 447, 448 (Tex. App.Houston [1st Dist.] 1988, no pet.). Accordingly, the
trial court’s February 22, 2005 order setting aside the default judgment was void. See
Mapco, Inc., 795 S.W.2d at 703. We hold that the trial court clearly abused its
discretion by issuing this void order. See In re Dickason, 987 S.W.2d at 571. 
 
Conclusion
          We conditionally grant the relief requested in the petition for writ of mandamus
and direct the trial court to vacate its February 22, 2005 order granting Dong’s motion
to set aside the default judgment. We are confident that the trial court will comply
with this order. The writ will issue only if the trial court does not comply.


 
Tim Taft
Justice
 
Panel consists of Justices Taft, Alcala, and Higley.