

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00055-CV

---

**MICHAEL SMITH, GUARANTOR, AND SHANDI SMITH, GUARANTOR, JOINTLY AND SEVERALLY LIABLE, APPELLANTS**

**V.**

**GEMAIRE DISTRIBUTORS, LLC, APPELLEE**

---

On Appeal from the County Court at Law No. 2
Denton County, Texas[1]
Trial Court No. CV-2024-03321, Honorable Robert Ramirez, Presiding

---

August 6, 2025

## MEMORANDUM OPINION

### Before PARKER and DOSS and YARBROUGH, JJ.

Appellants Michael Smith and Shandi Smith appeal from a default judgment rendered against them and in favor of appellee Gemaire Distributors, LLC. The Smiths, proceeding pro se, raise five challenges to the trial court's judgment. We affirm.

---

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

BACKGROUND

In September of 2024, Gemaire filed suit to collect a debt from the Smiths and Righteous Air Mechanical, LLC. Gemaire alleged that Righteous Air had ordered certain HVAC equipment, parts, and supplies on credit from Gemaire, then failed to pay the amounts due. Gemaire further alleged that the Smiths, officers of Righteous Air, had personally guaranteed payment of any amount due by the company.

The record indicates that the defendants were properly served, but no answer was filed. The trial court signed a default judgment against all defendants on November 22, 2024. On December 2, 2024, the Smiths filed a motion to set aside the default judgment, which the trial court denied after a hearing. The Smiths then filed this appeal.[2]

## ANALYSIS

The Smiths assert five issues on appeal, namely that Gemaire breached the parties' contract, violated the Freedom of Information Act, violated fair trading laws, and entered a false affidavit, and that the trial court erred in enforcing a personal guarantee. We treat these issues as subsumed within the core controversy, which is whether the trial court erred in denying the Smiths' motion to set aside the default judgment. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 480 (Tex. 2019) (courts are to broadly construe issues to encompass core questions).

A motion to set aside a default judgment is treated as a motion for new trial. *See Vasquez v. Vasquez*, No. 04-97-00850-CV, 1998 Tex. App. LEXIS 4589, at *2 n.2 (Tex.

---

[2] Righteous Air Mechanical, LLC, is not a party to this appeal.

App.—San Antonio July 29, 1998, no pet.) (*citing Broussard v. Dunn*, 568 S.W.2d 126, 128 (Tex. 1978, orig. proceeding)). We review a trial court's refusal to grant a new trial for an abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam). A trial court does not abuse its discretion in denying a motion to set aside a default judgment and grant a new trial unless the defaulting party establishes all three elements of the test set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). Under *Craddock*, a default judgment should be set aside when the defaulting party shows: (1) the failure to appear was not intentional or the result of conscious indifference, but rather the result of accident or mistake; (2) the motion for new trial sets up a meritorious defense; and (3) granting the motion will occasion no undue delay or otherwise injure the party taking the default judgment. *Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005) (per curiam). To prevail on a motion for new trial under *Craddock*, the defaulting party must (1) allege facts and attach affidavits to a verified motion to set aside the default judgment or motion for new trial that would meet the three *Craddock* requirements or (2) present evidence at the hearing on its motion that meets those requirements. *Pickell v. Guar. Nat'l Life Ins. Co.*, 917 S.W.2d 439, 443 (Tex. App.— Houston [14th Dist.] 1996, no writ); *see also* TEX. R. CIV. P. 324(b)(1) (motion to set aside default judgment is complaint on which "evidence must be heard").

The Smiths assert that they have meritorious defenses to Gemaire's suit. However, they did not support their alleged defenses by affidavit or other evidence as required. *See Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966) (defaulting party's motion "must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie

3

that the defendant has such meritorious defense").  Their motion to set aside the default judgment was not verified and it contained no attachments or affidavits.  At the hearing on their motion, the Smiths did not have any documents or other evidence in support of their claims introduced into the record.[3, 4]  Accordingly, we cannot conclude the trial court abused its discretion in denying the motion to set aside the default judgment.

## CONCLUSION

We affirm the judgment of the trial court.


Judy C. Parker
Justice

---

[3] We note that the Smiths filed a lengthy "Addendum to Motion to Set Aside Default Judgment and Request for Dismissal with Counterclaim for Recoupments," but the documents included are unsworn and unauthenticated.

[4] Pro se parties are generally at a disadvantage in understanding legal proceedings and applicable rules.  However, we are bound to hold them to the same standards applied to attorneys.  *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).

4