**R.D. NEIDERT, Appellant,**

v.

**Bronc Hawkins DOZERS, Appellee.**

No. 11–83–265–CV.

Court of Appeals of Texas, Eastland.

Nov. 1, 1984.

Jay Gibson, Fowler, Fowler & Gibson, Odessa, for appellant.

Aubrey Roberts, Moore, Dickson, Roberts & Ratliff, Inc., Sweetwater, for appellee.

RALEIGH BROWN, Justice.

This is a suit on a sworn account with a challenge to venue. Bronc Hawkins Dozers sued, in Nolan County, R.D. Neidert, a resident of Ector County, for services rendered in restoring a Nolan County oil and gas location to its original condition. Neidert's motion to transfer venue was overruled and judgment for $6,197.50, attorney's fees of $3,000, plus interest and cost of suit was awarded Bronc Hawkins Dozers. Neidert appeals. We affirm.

■ Neidert urges two points of error. First, he argues that the trial court erred in overruling his "plea of privilege." Second, he contends that there is no evidence or the evidence was factually insufficient to prove that Bronc Hawkins' attorney actually performed the services for which judgment was granted.

The venue challenge was heard on October 3, 1983, subsequent to the effective date of the amendment of TEX.REV.CIV. STAT.ANN. art. 1995 (Vernon Supp.1984). The venue statute now provides:

Section 1. All lawsuits, except as provided in Section 2 and 3 of this article, shall be brought in the county where the cause of action or a part thereof accrued or in the county of defendant's residence if defendant is a natural person.

Neidert contends that there are no pleadings by Dozer to support venue in Nolan County. Dozers' only pleading as to venue was its "controverting plea" filed before the effective date of the amendment of Article 1995. This pleading sought to maintain venue in Nolan County under Subdivision 5 of Article 1995.[1] No amendment to this pleading was filed. However, Section 4 of TEX.REV.CIV.STAT.ANN. art. 1995 (Vernon Supp.1984) now provides:

\*   \*   \*   \*   \*   \*

(2) On appeal from the trial on the merits, if venue was improper it shall in no event be harmless error and shall be reversible error. *In determining whether venue was or was not proper the appellate court shall consider the entire record, including the trial on the merits.* (Emphasis ours)

Considering the entire record it is established that this is a suit to recover payment for labor performed in Nolan County. At least a part of the cause of action indisputably occurred in Nolan County and, therefore, was properly brought in such county under Section 1 of Article 1995, supra.

The first point of error is overruled.

■ In passing on a no evidence point, this court must review the evidence in its most favorable light, considering only the evidence and inferences which support the findings and rejecting the evidence and inferences contrary thereto. *Estate of Claveria v. Claveria,* 615 S.W.2d 164 (Tex. 1981). In passing on insufficient evidence points, we review all the evidence. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

■ The evidence with reference to attorney's fees included the testimony of the county attorney of Nolan County who testified as to what a reasonable hourly fee would be in Nolan County. An exhibit was introduced without objection which listed hours reflecting times which an attorney for plaintiff allegedly worked on the instant case. Such exhibit was clearly hearsay. However, Rule 802, Texas Rules of Evidence, effective September 1, 1983, provides in part:

Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay.

We hold, therefore, that the evidence was legally and factually sufficient to support the attorney's fees award.

---

**1.** Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile.

The second point of error is overruled. The judgment is affirmed.