**Larry IRLBECK, d/b/a I & B Farms, Appellant,**

v.

**JOHN DEERE COMPANY, Appellee.**

**No. 07–85–0009–CV.**

Court of Appeals of Texas, Amarillo.

June 10, 1986.

Rehearing Denied July 7, 1986.

Jody Sheets and Timothy D. Zeiger, Gassaway, Gurley, Sheets & Mitchell, Borger, for appellant.

Jeff Levinger and Michael L. McCoy, Carrington, Coleman, Sloman & Blumenthal, Dallas, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Larry Irlbeck, d/b/a I & B Farms, perfected this appeal from a default judgment decreeing his monetary liability to John Deere Company, which was also granted the foreclosure of its security interest liens on Irlbeck's pledged collateral with an order of sale. With five points of error, Irlbeck challenges the evidential support for, and the foreclosure provision of, the judgment rendered. On the rationale to be expressed, the points will be overruled and the judgment will be affirmed.

John Deere brought the action underlying this appeal to recover on two combination promissory notes and security agreements Irlbeck executed and delivered to Hansford Implement Company. One promissory note-security agreement in the principal sum of $14,187.49 was for Irlbeck's purchase and security for the payment of a New Holl combine; the other in the principal sum of $14,558.17 was for his purchase and security for the payment of a Case tractor. Each note was payable in installments—the first in six installments, and the second in eight installments—of desig-

nated amounts at designated times, and interest on each past due installment accrued at the highest rate permitted by law or 10% per annum, whichever was lower. Each instrument provided that if the note be in default, Irlbeck will pay all expenses, including reasonable attorney's fees, incurred in collection or otherwise. Each promissory note-security agreement contained its written assignment by Hansford Implement Company to John Deere Company.

John Deere filed its action on 6 April 1984, outlining the transactions and alleging that as to each note, Irlbeck

has defaulted in his payments under the terms of the note and security agreement, and has failed and refused to make payments although repeated demands for payment have been made.

Then, John Deere made this allegation: "As of February 14, 1984, defendant owed plaintiff $9,918.06 including all credits and offsets." John Deere prayed for recovery from Irlbeck of the indebtedness described with pre- and post-judgment interest and reasonable attorney's fees, and for the foreclosure of its security interest in the collateral, together with general relief.

Citation was issued on the day the action was filed, and personal service was effected on Irlbeck on 16 April 1984. He neither appeared nor answered within the time allowed by law.

Thereafter in June of 1984, John Deere moved the court for default judgment. The motion was supported by two affidavits, copies of Irlbeck's promissory notes and security agreements, and copies of the filed financing statements. The motion carried the certification that a copy of it was mailed to Irlbeck by certified mail on 8 June 1984. Irlbeck did not respond to the motion.

One of the affidavits was executed by Jack B. Holder, the Manager of Financial Services for John Deere. He swore that he had personal knowledge of the facts stated, among which were that the appended promissory notes and security agreements are true and correct copies of Irlbeck's promissory notes and security agreements; that John Deere is the owner and holder in due course of the promissory notes;

and that as of 21 May 1984, 1984, [*sic*] there is now due by defendant Larry Irlbeck d/b/a I & B Farms, to the plaintiff, on the debt set forth in the original petition the sum of $10,181.90 after allowing all credits and offsets, with additional interest accruing at the rate of 10% or $2.79 per day thereafter.

Continuing, Holder stated that "[p]ayments are overdue on the notes and defendant has refused to pay the sum owing on the notes;" that to secure the sum owed, Irlbeck gave to the holder of the promissory notes and security agreements a security interest in the New Holl combine and in the Case tractor which has not been released; and that John Deere has retained the firm of Carrington, Coleman, Sloman & Blumenthal to represent it in the collection and had agreed to pay the attorneys a reasonable fee for their services.

The other affidavit was executed by Michael L. McCoy, an associate in the law firm. He detailed the qualifications and legal services furnished to express the opinion that a reasonable attorney's fee for the firm's services in this cause would be $250.

On 29 June 1984, the court, hearing John Deere's motion for default judgment, and reciting Irlbeck's default, John Deere's entitlement to default judgment, and the hearing of evidence, rendered judgment. By its judgment, the court decreed that John Deere recover of and from Irlbeck, d/b/a I & B Farms, the amount of $10,181.90, together with the sum of $250 as reasonable attorney's fees, with interest thereon at the rate of 10% per annum from the date of the judgment, and ordered the foreclosure of John Deere's security interest liens on the New Holl combine and the Case tractor with the issuance of an order of sale.

Irlbeck groups his first two points of error to present his central contention that the judgment is without the necessary evi-

dential support. Initially, he charges the trial court with error in rendering the judgment without an evidentiary hearing on the unliquidated claim which was not proved by an instrument in writing. Secondly, he contends the evidence is legally and factually insufficient to support the judgment rendered.

Under this record, Irlbeck correctly states that John Deere's claim was unliquidated. Viewed objectively, John Deere's pleading of its cause of action presented a liquidated claim within a literal reading of Rule 241, Texas Rules of Civil Procedure, to permit the court to assess damages without hearing evidence—the notes were in definite amounts payable in denominated amounts at designated times with a stated interest rate accruing upon nonpayment of an installment, and Irlbeck ceased to make payments.

■ However, neither the notes nor the pleadings showed the credits and offsets which John Deere pleaded Irlbeck was allowed, and the pleadings did not state or even indicate when default in payments occurred. Thus, the pleaded factual allegations and the instruments in writing were not sufficiently definite to enable the court to make an accurate calculation from them of the amount of principal and interest due on the notes. Moreover, the reasonable attorney's fees provided by the instruments are by their very nature unliquidated damages. It follows that, as John Deere pleaded its cause of action, its claim of damages was an unliquidated one which, by virtue of Rule 243, Texas Rules of Civil Procedure, required the court to hear evidence of damages. *Freeman v. Leasing Associates, Inc.*, 503 S.W.2d 406, 408 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ). And this result is not altered by John Deere's pleaded allegation of the amount owed on a date certain "including all credits and offsets," for this allegation is a conclusion which, absent the factual allegations of amounts and dates of payments on the notes, is insufficient to enable the court to accurately calculate the amounts due on the notes. *Burrows v. Bowden*, 564 S.W.2d 474, 476 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Hall v. C–F Emp. Credit U.*, 536 S.W.2d 266, 268 (Tex.Civ. App.—Texarkana 1976, no writ).

■ Nevertheless, it cannot be successfully maintained, as Irlbeck charges, that the judgment was rendered without an evidentiary hearing. This is for the reason that John Deere submitted its claim to the court on the pleadings and affidavits, with appended instruments, to which no objection was lodged. It has been held without disapproval that affidavit testimony of damages admitted in court satisfies the evidential requirement of Rule 243, *supra.* *K–Mart Apparel Fashions Corp. v. Ramsey*, 695 S.W.2d 243, 247 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

■ Still, in contending evidential support for the judgment is lacking, Irlbeck declares that the affidavits are inadmissible under Rule 802, Texas Rules of Evidence, because each statement in them is offered in evidence to prove the truth of the matter asserted. Irlbeck misperceives the full import of Rule 802, which became effective before this action was filed.

Although the rule initially states that hearsay is not admissible except as provided by law, the second sentence of the rule reads: "Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay." That the rule provides for hearsay admitted without objection to have probative value sufficient to support a judgment was forecast in *Aquamarine Associates v. Burton Shipyard*, 659 S.W.2d 820, 822 (Tex. 1983), and has become a principle of law. *K–Mart Apparel Fashions Corp. v. Ramsey, supra; Aatco Transmission Co. v. Hollins*, 682 S.W.2d 682, 685 (Tex.App.—Houston [1st Dist.] 1984, no writ); *Neidert v. Dozers*, 681 S.W.2d 847, 848 (Tex.App.—Eastland 1984, no writ).

It seems accepted that at the hearing of evidence on an unliquidated claim after default, testimony of the total amount due under a written instrument is sufficient to support an award of that amount, *BLS Limousine Service v. Buslease, Inc.*, 680 S.W.2d 543, 547 (Tex.App.—Dallas 1984, no

writ), and that such testimony may be supplied by an affidavit, albeit containing otherwise inadmissible hearsay, when it is admitted without objection. *K-Mart Apparel Fashions Corp. v. Ramsey, supra.* The unobjected to affidavit testimony of Holder supported the amount awarded on the notes in this cause. Likewise, the affidavit testimony of the attorney, again containing otherwise inadmissible hearsay but being admitted without objection, sufficiently supported the award of attorney's fees. *Neidert v. Dozers, supra.*

Given this situation and the standards of review ennunciated in *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965), as applicable to Irlbeck's evidential point of error, it cannot be said either that there is a complete absence of admissible, probative evidence of damages, or that the evidence is too weak to support the damages awarded. Consequently, Irlbeck's first two points of error are overruled.

■ With his third, fourth and fifth points of error, Irlbeck submits that if we find, as we have found, sufficient evidence before the trial court to support the default judgment, then there is yet error calling for a reformation of the judgment. The error, Irlbeck alleges, lies, in brief, in the rendered judgment's foreclosure decree which, by not specifying the amount owned on each piece of equipment, allows foreclosure of a purchase money lien on the New Holl combine, an item of exempt property, to pay nonexempt debts, particularly since he has paid the amount due on the combine. To show these facts, Irlbeck refers to John Deere's alleged admissions or stipulations of facts contained in a statement of facts developed in a temporary injunction hearing four months after the default judgment was rendered, and brought to this Court by John Deere's appeal in that matter under our cause no. 07–84–0312–CV.

Those alleged admissions or stipulations of facts were not before the trial court when the default judgment was rendered, and, of course, they are not in the record of this appeal; but, Irlbeck represents, those later developed facts may be noticed by the

authority of *State ex rel. Colleyville v. City of Hurst,* 519 S.W.2d 698, 701 (Tex. Civ.App.—Fort Worth 1975, writ ref'd n.r. e.). However, the pronouncements of the *Colleyville* court are not that definite nor that inclusive, and Irlbeck's representation is untenable.

It is axiomatic that the appellate court will consider only evidence before the trial when the judgment was rendered. *Gulf Oil Corp. v. Southland Royalty Co.,* 478 S.W.2d 583, 591 (Tex.Civ.App.—El Paso 1972), *aff'd,* 496 S.W.2d 547 (Tex.1973). And historically, the accepted rule of law is that an appellate court cannot go to the record of another case for the purpose of ascertaining a *fact* not shown in the record of the case before it. *Victory v. State,* 138 Tex. 285, 158 S.W.2d 760, 763 (1942); *Nolan v. Bettis,* 577 S.W.2d 551, 554–55 (Tex. Civ.App.—Austin 1979, writ ref'd n.r.e.). Thus, since reference may not be made to the statement of facts in the other appeal for an ascertainment of the facts, and appellate review must be confined to the papers in this appeal by writ of error, *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706, 711 (1961), which do not show the facts upon which Irlbeck's points depend, the points must be, and they are, overruled.

The judgment of the trial court is affirmed.