**CAVALCADE OIL CORPORATION and Michael J. Levenson, Appellants,**

v.

**Robert C. SAMUEL, d/b/a Coronado Tower, Appellee.**

No. 08–87–00008–CV.

Court of Appeals of Texas, El Paso.

Feb. 3, 1988.

Rehearing Denied March 2, 1988.

Joel Fry, Moreno & Fry, El Paso, for appellants.

Kurt Paxson, Grambling & Mounce, El Paso, for appellee.

Before SCHULTE, FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

Robert C. Samuel, d/b/a Coronado Tower, as lessor, recovered judgment against Cavalcade Oil Corporation, lessee, for unpaid rentals under a lease agreement, plus interest. We affirm the judgment of the trial court.

Cavalcade Oil Corporation (Cavalcade) leased office space in 1981, from Robert C. Samuel, d/b/a Coronado Tower (Coronado) for a primary term of four years. Unhappy with the leased space, Cavalcade vacated the premises but continued to pay rent under the lease until September 1983. Cavalcade then instituted this suit against its lessor, Coronado, for breach of the lease contract and for tortiously interfering with Cavalcade's right to sublease the premises. Coronado counterclaimed for unpaid rent due under the terms of the lease contract. In response to the counterclaim by Coronado, Cavalcade claimed it was not liable for unpaid rent because of a letter written in December 1982, by Coronado which operated as a forfeiture of the lease contract.

A jury, in answer to issues submitted, answered in favor of Appellee Coronado by finding (1) that Cavalcade breached the contract with Coronado, resulting in damages of $135,778.42; (2) Coronado did not breach its contract with Cavalcade; (3) Coronado did not interfere with Cavalcade's business relationship with another entity; (4) Coronado did not forfeit the lease agreement between Cavalcade and Coronado.

Point of Error No. One asserts that the trial court erred by failing to find as a matter of law that Coronado forfeited the lease agreement in December 1982.

Point of Error No. Two asserts that if the question of forfeiture was not as a matter of law, then there was no evidence or insufficient evidence to support the jury finding of no forfeiture.

Point of Error No. Three asserts that if forfeiture was a fact issue, the trial court erred in instructing the jury on the intent of the lessor in regard to forfeiture.

The question of forfeiture centers around a letter written on December 13, 1982, by Appellee's attorney. The letter was entitled "NOTICE TO PAY RENT OR QUIT PREMISES." The Appellants contend that this letter operated as a forfeiture of the lease as a matter of law, and that therefore Appellee had no right to recover future rentals beyond the termination date. Two paragraphs contained in the letter are at issue:

Twenty-four (24) hours after service on you of this notice you are hereby required to pay said due and payable rent and late charges, OR, quit and deliver up possession of said premises to the undersigned or the undersigned will institute legal proceedings against you to receive possession of said premises, to declare a forfeiture of said agreement and to receive RENTS, DAMAGES, ATTORNEY'S FEES and COSTS.

The undersigned elects to and does declare a forfeiture of the agreement if said due and payable amounts are not paid within three (3) days.

In reading these two paragraphs, it is apparent that the forfeiture language was conditional and that Appellants could remedy any default upon payment of rent. There was no evidence at trial as to when Appellant Cavalcade received a letter but the payment was received by Appellee Coronado on December 20, 1982. Furthermore, evidence at trial indicated that after sending the notice but before receipt of

payment, Appellee Coronado's attorney received a phone call from Cavalcade's secretary concerning the letter and promising payment by check. Coronado's attorney agreed that this would be satisfactory. Whether the rent was received within the requisite time period was a question of fact and could not be decided as a matter of law. A surrender by operation of law may be affected through the abandonment of the premises by the tenant and reentry by the landlord. *Dearborn Stove Co. v. Caples*, 149 Tex. 563, 236 S.W.2d 486, at 489 (1951). In this case, Coronado never reentered the leased premises. It was Cavalcade's burden of proof on forfeiture of the lease contract. The claimed forfeiture letter is ambiguous.

The attorney indicated that he would institute legal proceedings to declare a forfeiture. He also stated that if payment was not received within three days, a forfeiture would be declared. The letter is silent as to whether the three days were calculated from the date the notice was sent or the date the notice was received. There was no evidence introduced at trial as to when the notice was received by Cavalcade. This made the notice to pay rent or quit the premises letter ambiguous on its face and properly a fact issue for the jury to decide.

■ When considering a no evidence point of error, we must consider only the evidence and inferences which tend to support the finding of the jury and disregard all evidence and inferences to the contrary. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). If there is any evidence of probative force to support the finding of the jury, the point must be overruled and the finding upheld, *In re King's Estate*, supra. In considering insufficient evidence points, we must consider all of the evidence. *Garza v. Alviar*, supra. Since the letter of Coronado's attorney is ambiguous, it is proper to admit evidence as to the subjective intent and submit the matter to the jury as a fact issue. The testimony of Appellee's attorney about the phone call,

therefore, raised a question of fact as to whether the lease was forfeited, and the trial court was correct in submitting the issue of forfeiture to the jury. It is further in evidence that Appellant Cavalcade continued to pay rent after receipt of the letter of December 1982. Appellants contend on appeal that the court's instruction on intent was a misstatement of the law. The Appellants having failed to object on this ground in the trial court, have waived their right to object on this ground on appeal. Rule 274, Tex.R.Civ.P. Once the court finds that a writing is ambiguous, evidence is then admissible on the issue of subjective intent. Therefore, the testimony of Appellee and his attorney in regard to lack of intent to forfeit the lease after receipt of the phone call from the Appellants was admissible and justified an instruction on intent by the trial court. Even if it might be considered error, we do not believe that it would justify a reversal because based on all of the evidence it was not reasonably calculated to cause rendition of an improper judgment in this case. *City of Austin v. Cannizzo*, 153 Tex. 324, 267 S.W.2d 808 (1954).

Points of Error Nos. One, Two and Three are overruled.

■ In Point of Error No. Four, Appellants assert that the trial court erred in applying prejudgment and postjudgment interest.

The lease agreement between the parties contains a provision that would require payment of interest at the highest legal rate if rent payments were overdue. The trial court, therefore, did not err in allowing prejudgment interest based on this provision in the contract. Appellants also assert that the rate of interest applied by the court was erroneous. The highest legal rate of interest allowed under Article 5069-1.04, Tex.Rev.Civ.Stat.Ann. (Vernon 1987), is eighteen to twenty-four percent, while under Article 5069-1.03, Tex.Rev.Civ.Stat.Ann. (Vernon 1987), it is only six percent. Appellants assert that the trial court should have awarded interest at the six

percent rate because no numerical rate was specified in the lease. The lease, however, did provide for the "highest legal rate" of interest and therefore Article 5069–1.04 applied. *Whitehead Utilities, Inc. v. Emery Financial Corporation,* 697 S.W.2d 460, at 461 (Tex.App.—Beaumont 1985, no writ). The trial court was correct in its determination of prejudgment interest.

In determining that the "highest legal rate" is a specific rate of interest, Article 5069–1.05, § 1, Tex.Rev.Civ.Stat.Ann. (Vernon 1987), applies. The postjudgment interest will be the lesser of the rate specified in the contract or eighteen percent. Therefore, the trial court was correct in applying eighteen percent for postjudgment interest because this is the highest legal rate allowed.

Appellant's Point of Error No. Four is overruled.

Appellee, by Cross–Point of Error No. One, asserts that the trial court erred in allowing a $4,779.17 offset in favor of Appellant Cavalcade.

Appellee admitted into evidence the lease in question which recited that Appellants prepaid the first and last months' rent in the sum of $8,247.92. Since Appellants were only required to pay $3,468.75 for the first month's rent, the trial court was correct in offsetting the judgment by $4,779.17.

Appellee's Cross–Point No. One is overruled.

Appellee's Cross–Point No. Two asserts that the trial court erred in not finding as a matter of law that Coronado was entitled to past due rentals of $155,122.42.

Appellee's Cross–Point No. Three asserts that the trial court erred in not disregarding the jury's finding in Special Issue No. One and in not granting judgment n.o.v. for past due rentals in the sum of $155,122.42.

The evidence indicates that the jury allowed Appellee the base rate plus the consumer price index. The jury excluded the amounts of increase by way of operating expenses and estimated operating expenses. The amount of operating expenses are indeterminable under the lease and are therefore unliquidated damages. There was no evidence, other than the ledger, that showed the amount of operating expenses of Appellee and pro rata share of Appellants. Absent these figures, the court or fact finder was not able to accurately calculate the amounts due. *Irlbeck v. John Deere Company,* 714 S.W.2d 54, 57 (Tex.App.—Amarillo 1986, writ ref'd n.r.e.). There was evidence to support the jury's finding and the court did not err in not disregarding these findings.

Appellee's Cross–Points Nos. Two and Three should be overruled.

The trial court's judgment is affirmed.