Ryan BARGANIER, Appellant,

v.

SADDLEBROOK APARTMENTS, Appellee.

No. 10–01–285–CV.

Court of Appeals of Texas, Waco.

March 26, 2003.

Stephan R. Fontaine, Stephen R. Fontaine, P.C., Waco, for Appellant.

Israel Suster, Law Office of Israel Suster, Plano, for Appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

Barganier signed a residential lease for an apartment with Saddlebrook. Barganier defaulted on the lease. Saddlebrook sued Barganier for money damages. Barganier did not file an answer. The trial court entered a no-answer default judgment. Barganier filed this appeal. We affirm the judgment.

## ISSUES ON APPEAL

Barganier brings four inter-related issues on appeal: 1) Saddlebrook's cause of action was for unliquidated damages, thus, the trial court was required to hold a hearing before granting default judgment; 2) the lack of a reporter's record of the hearing requires reversal of the judgment; 3) there is no evidence to support the judgment of the trial court; and 4) there is insufficient evidence to support the judgment of the trial court. All of these issues are based upon the premise that affidavits filed in support of an unliquidated damages claim are not a sufficient record upon which a default judgment may be based.

We will first briefly review the facts of the case, then we will address Barganier's first and second issues jointly before addressing his legal and factual sufficiency issues.

## BACKGROUND

Barganier signed a lease for an apartment with Saddlebrook which provided for monthly rent payments. Occupancy was to begin on January 5, 2001, and end on January 31, 2002. In the second month of the lease term, Saddlebrook filed suit claiming that Barganier breached the terms of the lease. Saddlebrook attached a copy of the lease to its pleadings. Saddlebrook sought damages of $14,059.98 and attorney's fees of $750.00. Barganier was served but did not file an answer. On August 3, 2001, Saddlebrook filed a motion for default judgment and an affidavit in support of its claims for breach of the terms of the lease and the amount of damages and another affidavit in support of

the amount of attorney's fees. The trial court rendered a default judgment awarding Saddlebrook damages and attorney's fees. The record does not explicitly disclose whether there was a hearing in open court. There is no reporter's record.

## HEARING ON DAMAGES

Barganier argues in his first issue that because the cause of action was for unliquidated damages, Rule 243 required the trial court to hold a hearing to receive evidence as to damages before granting a default judgment. TEX.R. CIV. P. 243. In his second issue, Barganier argues a reporter's record is mandated by Rule 243 and because there is no reporter's record of a hearing, reversal of the judgment is required.

### LAW

■ When a claim is for unliquidated damages, "the court shall hear evidence as to damages and shall render judgment therefor ..." TEX.R. CIV. P. 243; *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex.1992). For an unliquidated claim, testimony of the total amount due is sufficient to support an award of damages, and the testimony may be supplied by affidavits. *Texas Commerce Bank v. New*, 3 S.W.3d 515, 517 (Tex.1999); *Irlbeck v. John Deere Co.*, 714 S.W.2d 54, 57 (Tex. App.-Amarillo 1986, no writ).

■ Because unobjected-to hearsay is probative evidence, affidavits are evidence which will support an unliquidated damages claim. *Texas Commerce Bank*, 3 S.W.3d at 517. Thus, affidavits satisfy the requirement for proof of unliquidated damages. *Id; see* TEX.R. CIV. P. 243. And judgments based on affidavits are not considered to be rendered without an evidentiary hearing. *Irlbeck*, 714 S.W.2d at 57; *see also Texas Commerce Bank*, 3 S.W.3d at 517.

■ Affidavits filed with the clerk of the trial court meet the requirements of Rule 74 for filing exhibits directly with the clerk of the court. *See* TEX.R. CIV. P. 74. And in *Texas Commerce Bank*, the Texas Supreme Court implicitly rejected the argument the trial court does not hold an evidentiary hearing merely by accepting the affidavits attached to the motion. *Texas Commerce Bank v. New*, 3 S.W.3d 515, 517 (Tex.1999). The pleadings and affidavits filed by Saddlebrook constitute a record upon which the court may base a default judgment. *Texas Commerce Bank*, 3 S.W.3d at 516; *Irlbeck v. John Deere Co.*, 714 S.W.2d 54, 57 (Tex.App.-Amarillo 1986, no writ); *K–Mart Apparel Fashions Corp. v. Ramsey*, 695 S.W.2d 243, 245 (Tex.App.-Houston [1st Dist.] 1985, writ denied, n.r.e.); *Naficy v. Braker*, 642 S.W.2d 282, 285 (Tex.App.-Houston [14th Dist.] 1982, writ denied, n.r.e.).

### APPLICATION

■ Saddlebrook's affidavits were filed with the clerk with its motion for default judgment. The affidavit testimony of Jeffrey S. Zidell, an agent of Saddlebrook, stated the total amount due under the lease. And the affidavit testimony of Robert A. Woodcock, Saddlebrook's attorney, was filed in support of the award of attorneys' fees.

■ Additionally, the docket sheet specifically identifies the pleadings and evidence that were considered by the trial court in its deliberative process before rendering judgment. This deliberative process, even if engaged in by the trial court in chambers, satisfies the requirement of Rule 243 that the "court shall hear evidence as to damages...."

The trial court did not err by basing its decision on the record, which included the petition, the default judgment motion, and supporting affidavits, without convening a

proceeding in open court with a court reporter present. We overrule Barganier's first and second issues.

## LEGAL AND FACTUAL SUFFICIENCY

In his third issue, Barganier argues there is no evidence to support the judgment of damages or attorney's fees. Barganier supports his position by arguing the affidavits filed by Saddlebrook in support of its motion for default judgment were not "admitted" as evidence, and therefore, cannot be relied upon to support the trial court's judgment. Barganier relies on Rule 75a to assert that the affidavits filed with the motion for default judgment cannot be used to support the judgment of the trial court. *See* TEX.R. CIV. P. 75a, 243. In his fourth issue, Barganier argues there is insufficient evidence to support the judgment of damages and attorneys' fees. Both arguments are based upon the premise that the filed affidavits are not evidence in support of the judgment.

## LAW

■ Rule 75a requires the court reporter or stenographer to file exhibits that were admitted in evidence during the course of a hearing, proceeding, or trial with the clerk of the court. TEX.R. CIV. P. 75a. Barganier argues that if the affidavits were admitted as evidence they would have been marked as exhibits and filed with the clerk of the court. He ignores the fact that Rule 75a has no requirement that exhibits be marked, and he ignores Rule 74, which covers filings of exhibits directly with the clerk of the court. TEX.R. CIV. P. 75a, 74. "The clerk is an officer of the court subject to the court's directions and control in exercising ministerial duties such as filing documents. The clerk receives documents for filing on behalf of the court." *Stokes v. Aberdeen Ins. Co.,* 917 S.W.2d 267, 268 (Tex.1996).

## ANALYSIS

■ We held under issues one and two that the affidavits are a part of the record upon which the trial court could properly base a default judgment. The affidavits contain more than a scintilla of evidence to support the trial court's judgment. *See Holt Atherton v. Heine,* 835 S.W.2d 80, 84 (Tex.1992). Also, the evidence to support the judgment is not so weak or so contrary to the overwhelming weight of the evidence that the judgment is clearly wrong and manifestly unjust. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *Haskett v. Butts,* 83 S.W.3d 213, 218(Tex. App.-Waco 2002, pet. denied). We find there is legally and factually sufficient evidence to support the judgment. We overrule Barganier's third and fourth issues.

## CONCLUSION

Having overruled each of Barganier's four issues, we affirm the judgment.

Justice BILL VANCE concurring.

BILL VANCE, Justice, concurring.

I believe this case is resolved by a straightforward application of *Texas Commerce Bank, Nat'l Assn. v. New,* 3 S.W.3d 515 (Tex.1999). Thus, I would address the issues somewhat differently.

### Did the Court Hear Evidence Before Granting Default Judgment?

"If the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to damages and shall render judgment therefor...." TEX.R. CIV. P. 243. In *New,* the Supreme Court held that affidavits may constitute evidence of unliquidated dam-

ages as required by Rule 243. *Id.* at 517.[1]

In that case, Texas Commerce Bank ("TCB") moved for default judgment against two defendants, New and Pacheco, in a fraud and breach-of-contract case related to a check-kiting scheme. *Id.* at 515. Attached to its motion for default judgment were two affidavits generally describing the check-kiting scheme and a third affidavit discussing attorney's fees. *New v. Texas Commerce Bank, Nat'l Assn.*, 971 S.W.2d 711, 712 (Tex.App.-Austin 1998), *rev'd*, 3 S.W.3d 515 (Tex.1999). No oral testimony was taken at the hearing on the default judgment, and no reporter's record was made. *Id.*; *New*, 3 S.W.3d at 517. The court rendered default judgment in favor of TCB, and New and Pacheco appealed. *New*, 971 S.W.2d at 712.

On appeal, New and Pacheco asserted, *inter alia*, that the trial court abused its discretion in awarding damages and attorney's fees because: (1) no reporter's record of the default-judgment proceeding was made; and (2) no evidentiary hearing was held pursuant to Texas Rule of Civil Procedure 243 to determine unliquidated damages. *Id.* The court of appeals reversed, reasoning that: (1) the affidavits were inadmissible hearsay; and (2) a court does not hold "an evidentiary hearing merely by accepting the affidavits attached to the motion." *New*, 3 S.W.3d at 517.

The Supreme Court concluded that the court of appeals was incorrect. The Court explained that "because unobjected to hearsay constitutes probative evidence, [affidavits may satisfy] the requirement of Rule 243 that there be evidence of unliquidated damages." The Court held that the trial court did not err when it considered the affidavits in rendering its default judgment. *Id.*

The majority finds that it is the "deliberative process, even if engaged in by the trial court in chambers" that satisfies Rule 243's requirement that the "court shall hear evidence". Tex.R. Civ. P. 243. I find this extension of the holding in *New* to be unnecessary. The Austin Court of Appeals opinion in *New* indicates that a hearing was held, but that no oral testimony was taken. *New*, 971 S.W.2d at 712. In that context, I believe that the Supreme Court's opinion stands for the proposition that because affidavits, like other unobjected-to hearsay, may be considered for their probative value, they may be adequate evidence of unliquidated damages, even in the absence of oral testimony. I do not believe that the Supreme Court intended that a judge's solitary deliberations are an adequate *substitute* for a hearing, as the majority in this case implies, because that situation does not appear to have been presented in New.

---

1. The claim is unliquidated because of the issue of offsets and credits. Saddlebrook's original petition states "VII. The Defendant has been credited with all offsets and credits, including the security deposit, due Defendant on this account and under the terms of the Lease." This allegation is "a conclusion which, absent factual allegations of amounts . . . is insufficient to enable the court to accurately calculate the amounts due on the notes." *Irlbeck v. John Deere, Co.*, 714 S.W.2d 54, 57 (Tex.App.-Amarillo 1986, writ ref'd n.r.e.). However, I note that had it not been for the issue of credits and offsets, this case would have been a liquidated damages case. *Id.* The lease itself provides that failure to pay the first month's rent automatically accelerates all future rent payments and that in addition to such future rent payments, Saddlebrook is also entitled to reletting charges, attorney's fees, court costs and other lawful charges. The lease provides for rent in the amount of $888.33 for the first month, $1,025 for the next twelve months, and a reletting charge of $871.25. These amounts total $14,059.58, forty cents less than the judgment awarded by the court.

This case is factually analogous to the situation in *New.* Saddlebrook moved for a default judgment against Barganier in a breach-of-contract case. Filed contemporaneously with its motion for default judgment were two affidavits: one described the circumstances of the breach of contract, and the other discussed attorney's fees.[2] Although the default judgment recites that a hearing was held,[3] there is no record of oral testimony being taken at the hearing. The court entered default judgment in favor of Saddlebrook. Following the logic of *New,* I conclude that the court did not err when it considered the affidavits in rendering the default judgment. *Id.*

### Can the Judgment Survive a "No–Evidence" Challenge?

Barganier next contends that there was no evidence to support the default judgment because the affidavits should not have been considered. Having found that it was not error for the court to consider the affidavits, I agree that Saddlebrook presented more than a scintilla of evidence to support the judgment. *See Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 84 (Tex.1992).

### Was the Evidence Sufficient to Support the Judgment?

Barganier's third issue asserts that even if the affidavits were properly considered, they were insufficient to support the judgment. Affidavits can constitute evidence of unliquidated damages to support a default judgment. *New,* 3 S.W.3d at 517. In *New,* the Court held that the affidavits were legally sufficient to support the court's award because they averred that the affiant had personal knowledge of the facts, described the scheme that resulted in the bank's loss, and identified the total amount owed on the account. *Id.* In this case, Zidell's affidavit shows that he had personal knowledge of the stated facts, that Saddlebrook attempted to collect the amount owed from Barganier but was unsuccessful, and that Barganier owed Saddlebrook $14,509.98. Therefore, I agree that the evidence is factually sufficient.

### Does the Lack of a Reporter's Record Require Reversal of the Judgment?

Finally, Barganier prays for reversal of the judgment on the ground that there was no reporter's record. In some cases, the lack of a reporter's record may entitle a defendant to a new trial because he will be unable to obtain some record of the evidence for review by an appellate court. *See Rogers v. Rogers,* 561 S.W.2d 172, 173 (Tex.1978); *see also Robinson v. Robinson,* 487 S.W.2d 713, 715 (Tex.1972). But the affidavits in this case are part of the clerk's record, and having found that the affidavits were sufficient to support the judgment, I would simply hold that the lack of a reporter's record does not require reversal of the judgment. *See New,* 3 S.W.3d at 517.

---

2. The motion and the two affidavits all bear identical time-stamps: August 3, 2001, at 12:17 p.m.

3. The default judgment begins with the following sentence: "At the *hearing* in this cause, Plaintiff appeared through attorney of record." (Emphasis added).