REEVE V. CITIBANK

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-152-CV

LAWAUNA D. REEVE APPELLANT

V.

CITIBANK (SOUTH DAKOTA) N.A. APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is a restricted appeal from a default judgment in a suit to collect credit card debt.  In three issues, appellant contends that the trial court erred in awarding unliquidated damages without an evidentiary hearing and that the evidence is legally and factually insufficient to support the awarded damages and postjudgment interest.  We reform the trial court’s judgment to reflect damages of $6,626.97 based solely on account number 5410658405425370.  As reformed, we affirm the remainder of the judgment in part.  We reverse the award of postjudgment interest on the judgment and remand the case to the trial court for a determination of the appropriate rate of postjudgment interest.

Appellee’s petition alleged appellant owed $6,626.97 on credit card account number 5410658405425370 issued by appellee to appellant.
(footnote: 2)  Included in the petition were requests for admission, one of which states, “The contractual interest rate of 0% per year was agreed to by [appellee] and [appellant].”  Appellee attached to the petition a verified statement of account, which indicated that appellant owed $6,626.97 on account number 5410658405425370 only.  Attached to the verified affidavit was “a hard copy print out of the financial information, including the balance owing, residing on [appellee’s] computer system as of the date the account(s) was (were) referred for collection to the attorney maintaining this lawsuit.”  The print out shows a balance of $6,626.97.  It also indicates that the portion of the balance subject to a finance charge is $0 but that the periodic rate is 0.06641%, and the nominal APR and annual percentage rate are 24.240%.

Appellant was personally served but did not file an answer.  Appellee filed a motion for default judgment.  Attached to the motion were the affidavit and accompanying financial information attached to the petition and an affidavit in support of attorney’s fees.  The attorney’s fees affidavit indicated that $4,240.00 would be a reasonable, customary, and usual fee for the case, with $4,240.00 for an unsuccessful appeal.  The affidavit also states that “the attorney’s fees requested . . . are reasonable considering the contingency fee nature of this suit.” 

The trial court signed a final default judgment in the principal amount of $16,956.83, with attorney’s fees of $4,240.00 and additional attorney’s fees of $4,240.00 in the event of an unsuccessful appeal.  The judgment does not reflect imposition of prejudgment interest.  The judgment indicates that postjudgment interest accrues at 18% on the principal amount and 5% on the attorney’s fees.

In her first issue, appellant claims the trial court erred by not holding an evidentiary hearing on appellee’s motion for default judgment.  The motion for default judgment indicates that “no hearing is necessary to establish the amount of damages” because the “the damages . . . are liquidated and proved by a written instrument and may be accurately calculated.”  The only entry on the court’s docket sheet says, “2-2-04 Signed Default Judg.”  The court reporter filed an affidavit swearing that no official record was requested or taken.  But the  judgment recites that

[a]t the hearing of this cause, [appellee] appeared through attorney of record.  [Appellant], though duly cited to appear and answer, failed to file an answer within the time allowed by law.  The Court considered the pleadings, official records and evidence filed in this cause . . . .  The Court takes judicial notice of usual and customary attorney’s fees and of the contents of the case file and finds the awarded fees are usual, customary and reasonable.

In a restricted appeal, error must be apparent from the face of the record.  
Alexander v. Lynda’s Boutique
, 134 S.W.3d 845, 848 (Tex. 2004).  We cannot discern from this record whether a live hearing was held or not.  Furthermore, it is not error for the court to render judgment on affidavits.  
Tex. Commerce Bank v. New
, 3 S.W.3d 515, 517 (Tex. 1999); 
Ingram  Indus., Inc. v. U.S. Bolt Mfg., Inc.
, 121 S.W.3d 31, 37 (Tex. App.—Houston [1st Dist.] 2003, no pet.); 
Barganier v. Saddlebrook Apartments
, 104 S.W.3d 171, 173 (Tex. App.—Waco 2003, no pet.).  Thus, the face of the record does not show that the trial court failed to hold an evidentiary hearing.  
Cf. Alexander
, 134 S.W.3d at 849-50 (holding that absence in record of proof of clerk’s sending required notice to dismiss does not show error apparent on the face of the record).  We overrule appellant’s first issue.

In her second issue, appellant contends the evidence is legally and factually insufficient to support the award of damages to appellee.  Our review of the record shows evidence that appellant owed only $6,626.97, not $16,956.83.  Appellee claims the difference is due to a second account, which appellant held with appellee.  Appellee has attached a copy of an affidavit and invoice purporting to evidence this second account to its brief.  But the documents attached to appellee’s brief are not included in the appellate record; thus, we cannot consider them.
  See id. 
at 848-49; 
In re D.D.J.
, 136 S.W.3d 305, 315 n.3 (Tex. App.—Fort Worth 2004, no pet.).
(footnote: 3)  Accordingly, we hold under the appropriate standard of review
(footnote: 4) that there is no evidence to support the trial court’s award of $16,956.83.
(footnote: 5)  But based on our review of the record and the appropriate standards of review,
(footnote: 6) we further hold that the evidence is both legally and factually sufficient to support damages in the amount of $6,626.97; therefore, we sustain appellant’s second issue only in part.

In her third issue, appellant challenges the sufficiency of the evidence supporting the award of 18% postjudgment interest to appellee.  Section 304.002 of the finance code provides that when parties contractually agree on a particular interest rate, the postjudgment interest rate is the lesser of the agreed-upon rate or 18%.  
Tex. Fin. Code Ann
. § 304.002 (Vernon Supp. 2004-05).  If the interest rate in an agreement equals 0%, the postjudgment interest rate is 0%.  
AU Pharm., Inc. v. Boston
, 986 S.W.2d 331, 334 (Tex. App.—Texarkana 1999, no pet.).  

One of the requests for admission in the petition indicates that the agreement between appellant and appellee provided for an interest rate of 0%, and the account information attached to appellee’s affidavit indicates that $0.00 of appellant’s balance was subject to a finance charge.  But that information also shows that the APR on appellant’s account was 24.240%.  The affidavit to which the financial information is attached does not state whether the parties agreed on any interest rate.  

If the interest rate applicable to appellant’s account is 24.240%, the applicable postjudgment rate is 18%.  
See
 
Tex. Fin. Code Ann
. § 304.002.  But if the parties agreed upon an interest rate of 0%, the applicable postjudgment rate is 0%.  
See id.
; 
AU Pharm.
, 986 S.W.2d at 334.  If the parties did not agree upon any interest rate at all, the interest rate is determined according to the formula set forth in finance code section 304.003.  
Tex. Fin. Code Ann
. § 304.003.  It is unclear from the record whether the agreement between appellant and appellee provided for an interest rate of 0%, 24.240%, or any interest rate at all.  Thus, we conclude that although there is evidence supporting the award of 18% postjudgment interest, it is so weak that the award should be set aside.  
See Garza
, 395 S.W.2d at 823.  We sustain appellant’s third issue.

Having determined that the judgment must be reformed to show damages of $6,626.97 instead of $16,956.83 and having held that the evidence is factually insufficient to support the award of 18% postjudgment interest, we reform the judgment to award damages to appellee in the amount of $6,626.97 and affirm the remainder of the judgment, except as to postjudgment interest, as reformed.  We reverse the award of postjudgment interest applicable to the principal amount awarded and remand the case for a determination of the appropriate rate of postjudgment interest and total award.

PER CURIAM

PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and MCCOY, J.

DELIVERED:  March 10, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Neither appellee’s petition, nor its motion for default judgment, seeks recovery of damages under any other account number.

3:
Appellee does not contend that any part of the $10,329.86 difference is attributable to the imposition of prejudgment interest, and the judgment describes the $16,956.83 as the “Principal amount awarded.”  

4:
Bradford v. Vento, 
48 S.W.3d 749, 754 (Tex. 2001)
; Cont’l Coffee Prods. Co. v. Cazarez
, 937 S.W.2d 444, 450 (Tex. 1996);
 In re King's Estate
, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

5:
See
 
Uniroyal Goodrich Tire Co. v. Martinez
, 977 S.W.2d 328, 334 (Tex. 1998),
 cert. denied
, 526 U.S. 1040 (1999).

6:
Bradford, 
48 S.W.3d at 754 (legal sufficiency)
; Cont’l Coffee Prods.
, 937 S.W.2d at 450 (same);
 In re King's Estate
, 244 S.W.2d at 661 (same); 
Mar. Overseas Corp. v. Ellis
, 971 S.W.2d 402, 406-07 (Tex.), 
cert. denied
, 525 U.S. 1017 (1998) (factual sufficiency);
 Garza v. Alviar
, 395 S.W.2d 821, 823 (Tex. 1965) (same)
.