COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-05-148-CV

 

 

IN THE
INTEREST OF M.E.P., A MINOR CHILD

 

                                                                                                        

 

                                              ------------

 

           FROM THE 324TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 

I.
Introduction

 








This is a restricted appeal from a default
judgment in a suit modifying the 
parent-child relationship between Appellant Jeffrey and M.E.P.  In four points, Jeffrey complains that the
trial court erred (1) by entering the default judgment because Appellee
Jacqueline failed to join the Office of the Attorney General as a party to the
motion to modify, (2) by admitting Jeffrey=s W-2
Wage and Tax Statement into evidence without an accompanying affidavit, (3) by
granting relief not pleaded for in Jacqueline=s motion
to modify, and (4) by awarding attorney=s fees
to Jacqueline without any supporting evidence. Jacqueline has not filed a brief
in this appeal.  Because error exists on
the face of the record, namely no reporter=s record
of the default judgment hearing exists despite the fact that evidence of
unliquidated damages was apparently offered, we will reverse the default
judgment and remand the cause for trial.

II.  Factual and Procedural Background

On August 11, 1994, the trial court entered an
agreed order that established the parent-child relationship between Jeffrey and
M.E.P.  The order required Jeffrey to pay
Jacqueline child support of $300 per month and required Jeffrey and Jacqueline
to each pay fifty percent of M.E.P.=s
uninsured medical expenses.

On July 27, 1998, the trial court entered an
agreed modification order that increased Jeffrey=s child
support obligation to $493 per month. 
Like the August 11, 1994 order, this order also required Jeffrey and
Jacqueline to each pay fifty percent of M.E.P.=s
uninsured medical expenses. 








On September 3, 2004, Jacqueline filed a AMotion
to Modify Support in Suit Affecting the Parent-Child Relationship.@[2]  In her motion, Jacqueline alleged that 

[t]he circumstances of
the child or a person affected by the order or portion of the decree providing
for the support of the child have materially and substantially changed since
the entry of the order to be modified, and the support payments previously
ordered should be increased until the child is 18 years of age . . . .
Movant requests that any increase be made retroactive to the earlier of the
time of service of citation on Respondent or the appearance of Respondent in
this modification action.   

 

Jacqueline also requested the court to order Jeffrey to pay the
attorney=s fees
she incurred in preparing and prosecuting the motion to modify.  

On December 2, 2004, the trial court entered an AOrder
Modifying Prior Order in Suit Affecting Parent-Child Relationship (Default).@  In the order,[3]
the court found that Jeffrey had been served with citation on September 15,
2004 and was wholly in default.  The
court then found that 








the circumstances of the
child or person affected by the ORDER or portion of the decree providing
for the support of the child [have] materially and substantially changed since
the entry of the ORDER to be modified and the support payments
previously ORDERED should be increased. 
Therefore it is ORDERED the [Movant=s] request for
modification[] is granted. 

 

The trial court increased Jeffrey=s child
support obligation to $1,129.20 per month. 
The trial court attached a copy of Jeffrey=s 2003
W-2 and Earning Summary to the order. 

III.  Standard of Review








A restricted appeal is a procedural device
available to a party who did not participate, either in person or through
counsel, in a hearing that resulted in a judgment against the party.  Tex. R.
App. P. 30.  The party must not
have timely filed a postjudgment motion, a request for findings of fact and
conclusions of law, or a notice of appeal. 
Id.  Additionally, the
error complained of must be apparent from the face of the record.  Norman Commc=ns v.
Tex. Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997).[4]  In this situation, a party may institute a
restricted appeal by filing a notice of appeal within six months after the
judgment is signed.  See Tex. R. App. P. 26.1.  The requirements should be liberally
construed in favor of the right to appeal. 
Stubbs v. Stubbs, 685 S.W.2d 643, 645 (Tex. 1985).

Jeffrey meets the first three requirements.  Therefore, our analysis is limited to
determining whether error exists on the Aface of
the record.@ 
Norman Commc=ns, 955
S.W.2d at 270.  In determining whether
the requirement that error appear on the face of the record has been met, we
may consider all of the papers on file in the appeal, including the clerk's
record and any reporter's record.  DSC
Fin. Corp. v. Moffitt, 815 S.W.2d 551, 551 (Tex. 1991).

IV.  Lack of Reporter=s
Record Requires New Trial








When damages cannot be accurately calculated from
factual allegations in the petition and an instrument in writing, they are
unliquidated.  See Walker v.
Ricks, 101 S.W.3d 740, 748 (Tex. App.CCorpus
Christi 2003, no pet.).  In the default
judgment context, the failure to file an answer does not operate as an
admission concerning unliquidated damages. 
First Dallas Petroleum, Inc. v. Hawkins, 727 S.W.2d 640, 645
(Tex. App.CDallas 1987, no writ) (citing Village
Square, Ltd. v. Barton, 660 S.W.2d 556, 559 (Tex. App.CSan
Antonio 1983, writ ref'd n.r.e.)). 
Consequently, the party seeking the default judgment bears the burden of
proving unliquidated damages, including any attorney=s
fees.  See Tex. R. Civ. P. 241, 243 (requiring court to hear evidence
with respect to damages that are either unliquidated or not proven by a written
instrument); BLS Limousine Serv., Inc. v. Buslease, Inc., 680
S.W.2d 543, 547 (Tex. App.CDallas
1984, writ ref'd n.r.e.).  Unliquidated
damages may be proved by testimony supplied by affidavits.  Tex. Commerce Bank v. New, 3 S.W.3d
515, 517 (Tex. 1999); Irlbeck v. John Deere Co., 714 S.W.2d 54, 57 (Tex.
App.CAmarillo
1986, writ ref=d n.r.e.).

Here, although Jeffrey requested any reporter=s record
of the default judgment hearing be filed with this court, none was
provided.  We sent a letter to the court
reporter indicating that the reporter=s record
was past due; in response, the court reporter sent a letter to our clerk=s office
advising us that no reporter=s record
was made at the default hearing. 
Likewise, the clerk=s record
contains no affidavits.

Jeffery raises two issues challenging the lack of
evidence concerning unliquidated damages. 
In his second point, Jeffery claims that the trial court could not
consider his W-2 because no affidavit accompanied it proving it up as a
business record.  In his fourth issue,
Jeffrey claims that the trial court erred by awarding attorney=s fees
to Jacqueline without any supporting evidence. 














The family code requires that a record be made of
all suits involving the parent-child relationship unless waived by the parties
with the consent of the court.  Tex. Fam. Code Ann. '
105.003(c) (Vernon 2002).  Likewise, the
rules of appellate procedure require that the official court reporter attend
court sessions and make a full record of the proceedings unless excused by
agreement of the parties.  Tex. R. App. P. 13.1(a).  When an appellant attacks the sufficiency of
the evidence to support the trial court's determination of damages in a default
judgment, he is entitled to a review of the evidence produced.  Dawson v. Briggs, 107 S.W.3d 739, 748
(Tex. App.CFort Worth 2003, no pet.).  When evidence is offered to support a default
judgment, the lack of a reporter's record entitles a defendant to a new trial
because he will be unable to obtain a record of the evidence for review by an
appellate court.  See Rogers v. Rogers,
561 S.W.2d 172, 173 (Tex. 1978) (reversing, via appeal by writ of error,
no-answer default judgment against husband in divorce-child custody suit
because evidence was presented but no reporter=s record
existed); see also Sharif v. Par Tech, Inc., 135 S.W.3d 869, 873 (Tex.
App.CHouston
[1st Dist.] 2004, no pet.) (reversing post‑answer default judgment in
restricted appeal when evidence was presented in the trial court but no
reporter=s record
exists); Chase Bank, N.A. v. Harris County Water Control & Improvement
Dist., 36 S.W.3d 654, 656 (Tex. App.CHouston
[1st Dist.] 2000, no pet.) (op. on reh=g)
(same).  Here, no affidavits or evidence
exist for our review to determine whether the trial court=s
modification of the child support award or its award of attorney=s fees
was supported by sufficient evidence.  Cf.
Westcliffe, Inc. v. Bear Creek Constr., Ltd., 105 S.W.3d 286, 294 (Tex.
App.CDallas
2003, no pet.) (upholding attorney=s fee
award in restricted appeal based on attorney=s filed
affidavit and testimony).  Accordingly,
we sustain Jeffery=s second and fourth points.

V.  Conclusion

Having sustained Jeffrey=s second
and fourth points, we reverse the trial court=s
default judgment and remand the cause for trial.[5]

 

PER
CURIAM

 

PANEL F:    WALKER, HOLMAN, and GARDNER, J.

 

DELIVERED: February 23,
2006

 











[1]See Tex. R. App. P. 47.4.





[2]As Jeffrey points out,
Jacqueline incorrectly identifies the order to be modified as the August 11,
1994 order.  The July 27, 1998 order
superceded the August 11, 1994 with regard to the child support and health
insurance provisions.  Thus, in her
September 3, 2004 motion, Jacqueline should have sought to modify the July 27,
1998 order.





[3]This order constitutes
the default judgment entered against Jeffrey. 
We utilize the terms Aorder@ and Adefault judgment@ synonymously to refer to
the December 2, 2004 AOrder Modifying Prior
Order in Suit Affecting Parent-Child Relationship (Default).@





[4] Norman Communications
refers to the appeal by "writ of error" procedure under the former
appellate rules, which has been replaced by the restricted appeal.  See Tex.
R. App. P. 30 notes and comments. 





[5]In light of our
disposition of Jeffrey=s second and fourth
points, we need not address his other points on appeal.  See Tex.
R. App. P. 47.1.