In re M.E.P., a Minor Child

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-148-CV

IN THE INTEREST OF M.E.P., A MINOR CHILD

------------

FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

This is a restricted appeal from a default judgment in a suit modifying the  parent-child relationship between Appellant Jeffrey and M.E.P.  In four points, Jeffrey complains that the trial court erred (1) by entering the default judgment because Appellee Jacqueline failed to join the Office of the Attorney General as a party to the motion to modify, (2) by admitting Jeffrey’s W-2 Wage and Tax Statement into evidence without an accompanying affidavit, (3) by granting relief not pleaded for in Jacqueline’s motion to modify, and (4) by awarding attorney’s fees to Jacqueline without any supporting evidence. Jacqueline has not filed a brief in this appeal.  Because error exists on the face of the record, namely no reporter’s record of the default judgment hearing exists despite the fact that evidence of unliquidated damages was apparently offered, we will reverse the default judgment and remand the cause for trial.

II.  Factual and Procedural Background

On August 11, 1994, the trial court entered an agreed order that established the parent-child relationship between Jeffrey and M.E.P.  The order required Jeffrey to pay Jacqueline child support of $300 per month and required Jeffrey and Jacqueline to each pay fifty percent of M.E.P.’s uninsured medical expenses.

On July 27, 1998, the trial court entered an agreed modification order that increased Jeffrey’s child support obligation to $493 per month.  Like the August 11, 1994 order, this order also required Jeffrey and Jacqueline to each pay fifty percent of M.E.P.’s uninsured medical expenses. 

On September 3, 2004, Jacqueline filed a “Motion to Modify Support in Suit Affecting the Parent-Child Relationship.”
(footnote: 2)  In her motion, Jacqueline alleged that 

[t]he circumstances of the child or a person affected by the order or portion of the decree providing for the support of the child have materially and substantially changed since the entry of the order to be modified, and the support payments previously ordered should be 
increased
 until the child is 18 years of age . . . . Movant requests that any increase be made retroactive to the earlier of the time of service of citation on Respondent or the appearance of Respondent in this modification action.   

Jacqueline also requested the court to order Jeffrey to pay the attorney’s fees she incurred in preparing and prosecuting the motion to modify.  

On December 2, 2004, the trial court entered an “Order Modifying Prior Order in Suit Affecting Parent-Child Relationship (Default).”  In the order,
(footnote: 3) the court found that Jeffrey had been served with citation on September 15, 2004 and was wholly in default.  The court then found that 

the circumstances of the child or person affected by the 
ORDER
 or portion of the decree providing for the support of the child [have] materially and substantially changed since the entry of the 
ORDER
 to be modified and the support payments previously 
ORDERED 
should be increased.  Therefore it is 
ORDERED
 the [Movant’s] request for modification[] is granted. 

The trial court increased Jeffrey’s child support obligation to $1,129.20 per month.  The trial court attached a copy of Jeffrey’s 2003 W-2 and Earning Summary to the order. 

III.  Standard of Review

A restricted appeal is a procedural device available to a party who did not participate, either in person or through counsel, in a hearing that resulted in a judgment against the party. 
 Tex. R. App. P.
 30.  The party must not have timely filed a postjudgment motion, a request for findings of fact and conclusions of law, or a notice of appeal.  
Id.  
Additionally, the error complained of must be apparent from the face of the record.  
Norman Commc’ns v. Tex. Eastman Co.
, 955 S.W.2d 269, 270 (Tex. 1997).
(footnote: 4)  In this situation, a party may institute a restricted appeal by filing a notice of appeal within six months after the judgment is signed.  
See
 
Tex. R. App. P. 26.1.  
The requirements should be liberally construed in favor of the right to appeal.  
Stubbs v. Stubbs
, 685 S.W.2d 643, 645 (Tex. 1985).

Jeffrey meets the first three requirements.  Therefore, our analysis is limited to determining whether error exists on the “face of the record.”  
Norman Commc’ns
, 955 S.W.2d at 270.  In determining whether the requirement that error appear on the face of the record has been met, we may consider all of the papers on file in the appeal, including the clerk's record and any reporter's record.  
DSC Fin. Corp. v. Moffitt
, 815 S.W.2d 551, 551 (Tex. 1991).

IV.  Lack of Reporter’s Record Requires New Trial

When damages cannot be accurately calculated from factual allegations in the petition and an instrument in writing, they are unliquidated.  
See
 
Walker v. Ricks
, 101 S.W.3d 740, 748 (Tex. App.—Corpus Christi 2003, no pet.).  In the default judgment context, the failure to file an answer does not operate as an admission concerning unliquidated damages.  
First Dallas Petroleum, Inc. v. Hawkins
, 727 S.W.2d 640, 645 (Tex. App.—Dallas 1987, no writ) (citing 
Village Square, Ltd. v. Barton
, 660 S.W.2d 556, 559 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.)).  Consequently, the party seeking the default judgment bears the burden of proving unliquidated damages, including any attorney’s fees.  
See
 
Tex. R. Civ. P.
 241, 243 (requiring court to hear evidence with respect to damages that are either unliquidated or not proven by a written instrument); 
BLS Limousine Serv., Inc. v. Buslease
, 
Inc.
, 680 S.W.2d 543, 547 (Tex. App.—Dallas 1984, writ ref'd n.r.e.).  Unliquidated damages may be proved by testimony supplied by affidavits.  
Tex. Commerce Bank v. New
, 3 S.W.3d 515, 517 (Tex. 1999); 
Irlbeck v. John Deere Co.
, 714 S.W.2d 54, 57 (Tex. App.—Amarillo 1986, writ ref’d n.r.e.).

Here, although Jeffrey requested any reporter’s record of the default judgment hearing be filed with this court, none was provided.  We sent a letter to the court reporter indicating that the reporter’s record was past due; in response, the court reporter sent a letter to our clerk’s office advising us that no reporter’s record was made at the default hearing.  Likewise, the clerk’s record contains no affidavits.

Jeffery raises two issues challenging the lack of evidence concerning unliquidated damages.  In his second point, Jeffery claims that the trial court could not consider his W-2 because no affidavit accompanied it proving it up as a business record.  In his fourth issue, Jeffrey claims that the trial court erred by awarding attorney’s fees to Jacqueline without any supporting evidence.  

The family code requires that a record be made of all suits involving the parent-child relationship unless waived by the parties with the consent of the court.  
Tex. Fam. Code Ann.
 § 105.003(c) (Vernon 2002).  Likewise, the rules of appellate procedure require that the official court reporter attend court sessions and make a full record of the proceedings unless excused by agreement of the parties.  
Tex. R. App. P.
 13.1(a).  When an appellant attacks the sufficiency of the evidence to support the trial court's determination of damages in a default judgment, he is entitled to a review of the evidence produced.  
Dawson v. Briggs
, 107 S.W.3d 739, 748 (Tex. App.—Fort Worth 2003, no pet.).  When evidence is offered to support a default judgment, the lack of a reporter's record entitles a defendant to a new trial because he will be unable to obtain a record of the evidence for review by an appellate court.  
See Rogers v. Rogers
, 561 S.W.2d 172, 173 (Tex. 1978) (reversing, via appeal by writ of error, no-answer default judgment against husband in divorce-child custody suit because evidence was presented but no reporter’s record existed); 
see also Sharif v. Par Tech, Inc
., 135 S.W.3d 869, 873 (Tex. App.—Houston [1st
 Dist.] 2004, no pet.) (reversing post-answer default judgment in restricted appeal when evidence was presented in the trial court but no reporter’s record exists);
 Chase Bank, N.A. v. Harris County Water Control & Improvement Dist.
, 36 S.W.3d 654, 656 (Tex. App.—Houston [1st
 Dist.] 2000, no pet.) (op. on reh’g) (same).  Here, no affidavits or evidence exist for our review to determine whether the trial court’s modification of the child support award or its award of attorney’s fees was supported by sufficient evidence.  
Cf.
 
Westcliffe, Inc. v. Bear Creek Constr., Ltd.
, 105 S.W.3d 286, 294 (Tex. App.—Dallas 2003, no pet.) (upholding attorney’s fee award in restricted appeal based on attorney’s filed affidavit and testimony).  Accordingly, we sustain Jeffery’s second and fourth points.

V.  Conclusion

Having sustained Jeffrey’s second and fourth points, we reverse the trial court’s default judgment and remand the cause for trial.
(footnote: 5)

PER CURIAM

PANEL F: WALKER, HOLMAN, and GARDNER, J.

DELIVERED: February 23, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
As Jeffrey points out, Jacqueline incorrectly identifies the order to be modified as the August 11, 1994 order.  The July 27, 1998 order superceded the August 11, 1994 with regard to the child support and health insurance provisions.  Thus, in her September 3, 2004 motion, Jacqueline should have sought to modify the July 27, 1998 order.

3:
This order constitutes the default judgment entered against Jeffrey.  We utilize the terms “order” and “default judgment” synonymously to refer to the December 2, 2004 “Order Modifying Prior Order in Suit Affecting Parent-Child Relationship (Default).”

4: 
Norman Communications
 refers to the appeal by "writ of error" procedure under the former appellate rules, which has been replaced by the restricted appeal.  
See
 
Tex. R. App. P.
 30 notes and comments. 

5:
In light of our disposition of Jeffrey’s second and fourth points, we need not address his other points on appeal.  
See
 
Tex. R. App. P.
 47.1.